1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Margret M. Caruso (Bar No. 243473)
2    margretcaruso@quinnemanuel.com
     Cheryl Galvin (Bar No. 252262)
3    cherylgalvin@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
5  Facsimile:     (650) 801-5100

6  Attorneys for Defendant

7

8                       UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11 | DANIEL JURIN, an Individual,        | CASE NO. 2:09-cv-03065-MCE-KJM

12 |              Plaintiff,             | **GOOGLE INC.'S NOTICE OF MOTION
                                          AND MOTION TO DISMISS;**
13 |       vs.                          | **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT THEREOF**
14 | GOOGLE INC.,
                                          Date:     January 28, 2010
15 |              Defendant.            | Time:     2 p.m
                                          Judge:    Morrison C. England, Jr.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -1-
Dockets.Justia.com

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2010 at 2:00 p.m. in Courtroom 7 of the United States District Court for the Eastern District of California, Sacramento Division, located at 501 I Street, Suite 4-200, Sacramento, CA, 95814, defendant Google Inc. ("Google") will and hereby does move for an order dismissing Daniel Jurin's ("Jurin") Complaint.

The Second Claim of the Action alleging False Designation of Origin under the Lanham Act should be dismissed because Jurin has not and cannot allege confusion between his and Google's good and services. Also, to the extent that the Second Cause of Action alleges a claim under the false advertising provisions of the Lanham Act, the claim is barred because Google is not Jurin's business competitor.

Further, the Court should dismiss Counts V, VI, VII and IX for intentional and negligent interference with contractual relations and prospective economic advantage, fraud and unjust enrichment, respectively, on the grounds that Google is immune from such state law claims under the Communications Decency Act of 1996 ("CDA"). Moreover, Jurin has failed to plead facts sufficient to state a legal claim for intentional and negligent interference with contractual relations and prospective economic advantage, fraud and unjust enrichment. He has also failed to satisfy the heightened pleading standard required for fraud. Accordingly, these counts should be dismissed. Finally, to the extent Jurin contends his Complaint includes claims for conversion and negligent interference with existing economic relations, those state law claims, which are not supported or even further identified in the Complaint, must also be dismissed as barred by the CDA and because they are insufficiently pled.

This motion to dismiss with prejudice is based upon the accompanying memorandum of points and authorities, all judicially noticeable facts, as well as the pleadings, records and files in this action.

1    DATED:  December 30, 2009          QUINN EMANUEL URQUHART OLIVER &
2                                       HEDGES, LLP

3                                       By  /s/Margret M. Caruso
4                                           Margret M. Caruso
                                            Attorneys for Defendant Google Inc.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

INTRODUCTION ................................................................................................................ 1

RELEVANT BACKGROUND FACTS .............................................................................. 2

ARGUMENT ...................................................................................................................... 3

I.     COUNT II FAILS AS A MATTER OF LAW .................................................... 4

       A.    Jurin Cannot State A Claim For False Designation Of Origin Because
             Google Does Not Use The STYOTRIM Mark To Misrepresent Its Good Or
             Services. .................................................................................................... 4

       B.    Jurin's Attempt To Plead False Advertising Fails Because The Parties Are
             Not Competitors. ....................................................................................... 5

II.    COUNTS V, VI, VII AND IX FAIL AS A MATTER OF LAW ......................... 6

       A.    The CDA Provides Google With A Complete Defense Against Counts V,
             VI, VII and IX. .......................................................................................... 6

       B.    Jurin Has Failed To Allege Facts Sufficient To Support the Required
             Elements Of Interference With Contractual Relations. .............................. 8

       C.    Jurin Fails To Allege Facts Sufficient To Support The Required Elements
             Of Interference With Prospective Economic Advantage. ........................... 9

       D.    Jurin Failed To Satisfy The Heightened Pleading Standard For Fraud And
             Failed To Allege Facts Sufficient To Support A Claim For Fraud. ......... 11

       E.    Jurin Cannot Maintain A Claim For Unjust Enrichment. ........................ 12

       F.    Jurin's Unpled Claims Of Conversion and Negligent Interference With
             Existing Economic Relations Fail As A Matter Of Law. ......................... 13

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aeroplane Corp. v. Arch Insurance Co.*,
  2007 WL 4170630 (E.D. Cal. Nov. 20, 2007) ........................................10

*Almeida v. Amazon.com, Inc.*,
  456 F.3d 1316 (11th Cir. 2006) ..........................................................6

*Banga v. Allstate Insurance Co.*,
  2009 WL 3073925 (E.D. Cal. Sept. 22, 2009) .......................................9

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ...........................................................8

*Barrus v. Sylvania*,
  55 F.3d 468 (9th Cir. 1995) ..............................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................3, 10

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ..............................................................3

*Britz Fertilizers, Inc. v. Bayer Corp.*,
  2009 WL 3365851 (E.D. Cal. Oct. 16, 2009) .......................................12

*Bronson v. Florida*,
  2009 WL 1764535 (N.D. Cal. June 22, 2009) ........................................6

*Buckland v. Threshold Enters., Ltd.*,
  155 Cal. App. 4th 798 (2007) ...........................................................12

*Cairns v. Franklin Mint Co.*,
  24 F. Supp. 2d 1013 (C.D. Cal 1998) ..................................................4

*California Joint Powers Insurance Authority v. Munich Reinsurance Am., Inc.*,
  2008 WL 1885754 (C.D. Cal April 21, 2008) ........................................3

*Californians for Disability Rights v. Mervyn's, LLC*
  39 Cal.4th 223 (2006) .....................................................................11

*Carafano v. Metrosplash.com, Inc.*,
  339 F.3d 1119 (9th Cir. 2003) ....................................................6, 7, 8

*City Solutions Inc. v. Clear Channel Commc'n*,
  365 F.3d 835 (9th Cir. 2004) ...........................................................11

*Comm. on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal. 3d 197 (1983) .....................................................................11

CASE NO. 2:09-cv-03065-MCE-KJM
Google Inc.'s Motion to Dismiss

*Conroy v. Regents of the Univ. of Cal.*,
   45 Cal. 4th 1244 (2009) ...............................................................................................11

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) ..........................................................................................................4

*Facenda v. N.F.L. Films, Inc.*,
   542 F.3d 1007 (3rd Cir. 2008) .........................................................................................5

*Fair Housing Council of San Fernando v. Roommates.com LLC (Roommates)*,
   521 F.3d 1157 (9th Cir. 2008) .........................................................................................8

*Fifield Manor v. Finston*,
   54 Cal. 2d 632 (1960) ......................................................................................................9

*Goddard v. Google, Inc.*,
   640 F. Supp. 2d 1193 (N.D. Cal. 2009) ....................................................................4, 7, 8

*Hergenroeder v. Traveler's Prop. Casualty Insurance Co.*,
   249 F.R.D. 595 (E.D. Cal. 2008) .....................................................................................9

*Jack Russell Terrier Network of Northern Cal. v. Am. Kennel Club, Inc.*,
   407 F.3d 1027 (9th Cir. 2005) .........................................................................................6

*Janda v. Madera Cmty. Hosp.*,
   16 F. Supp. 2d 1181 (E.D. Cal. 1998) ...........................................................................10

*Kournikova v. Gen. Media Commc'ns, Inc.*,
   278 F. Supp. 2d 1111 (C.D. Cal. 2003) ...........................................................................5

*Langdon v. Google Inc.*,
   474 F.Supp. 2d 622 (D.Del. 2007) ..................................................................................7

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) ...................................................................................................11

*Lorenzo v. Qualcomm Inc.*,
   603 F. Supp. 2d 1291 (S.D. Cal. 2009) ..........................................................................12

*MRW, Inc. v. Big-O Tires, LLC*,
   2008 WL 5113782 (E.D. Cal. Nov. 26, 2008) .................................................................3

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ...........................................................................................3

*Melchoir v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) .........................................................................................12

*Nemet Chevrolet Ltd. v. Consumeraffairs.com*,
   564 F. Supp. 2d 544 (E.D. Va 2008), *aff'd* 2009 U.S. App. LEXIS 28539 (4th Cir. 2009) ........5

*North American Chemical Co. v. Superior Court*,
   59 Cal. App. 4th 764 (1997) ............................................................................................9

*Nuebronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ................................................................................11

*Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.,*
    496 F.3d 1231 (11th Cir. 2007) ..........................................................................4

*Pacific Gas & Electric Co. v. Bear Sterns & Co.,*
    50 Cal. 3d 1118 (1990) .......................................................................................9

*Parker v. Google Inc.,*
    422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd* 242 Fed.Appx, 833 (3rd Cir. 2007) ......7

*Perfect 10, Inc. v. CCBill LLC,*
    488 F.3d 1102 (9th Cir. 2007) .............................................................................6

*Phillips v. "MERS" Mortgage Electronic Registration Sys.,*
    2009 WL 3233865 (E.D. Cal. Oct. 2, 2009) ...............................................11, 12

*Pinzon v. Jensen,*
    2009 WL 4134809 (E.D. Cal. Nov. 23, 2009) ....................................................3

*Richards v. Harper,*
    864 F.2d 85 (9th Cir. 1988) .................................................................................3

*Rosal v. First Fed. Bank of Cal.,*
    2009 WL 2136777 (N.D. Cal. July 15, 2009) ...................................................12

*Roth v. Rhodes,*
    25 Cal. App. 4th 530 (1994) ..............................................................................10

*Roybal v. Equifax,*
    2008 WL 4532447 (E.D. Cal. Oct. 9, 2008) ......................................................8

*Tarmann v. State Farm Mut. Auto Insurance Co.,*
    2 Cal. App. 4th 153 (1991) ...............................................................................12

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ...........................................................................11

*Walker v. USAA Casualty Ins. Co.,*
    474 F. Supp. 2d 1168 (E.D. Cal. 2009) .............................................................12

*Weisbuch v. County of Los Angeles,*
    119 F.3d 778 (9th Cir. 1997) ...............................................................................3

*Westside Ctr. Associates v. Safeway Stores 23, Inc.,*
    42 Cal. App. 4th 507 (1996) ..............................................................................10

*Weststeyn Dairy 2 v. Eades Commodities, Co.,*
    280 F. Supp. 2d 1044 (E.D. Cal. 2003) ..............................................................9

*Youst v. Longo,*
    43 Cal. 3d 64 (1987) .........................................................................................10

*Zeran v. America Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997)......................................................................................8

## **Statutes**

15 U.S.C. § 1125(a).................................................................................................1, 4, 5

47 U.S.C. § 230. ........................................................................................................1, 6-8

Fed.R.Civ.P. 12(b)(6)....................................................................................................3

CASE NO. 2:09-cv-03065-MCE-KJM
Google Inc.'s Motion to Dismiss

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Daniel Jurin ("Jurin") brings this suit against defendant Google Inc. ("Google") because unidentified third parties use Google's online advertising services allegedly to infringe Jurin's purported STYROTRIM trademark. Jurin does not allege that Google created the content of any of these advertisements or that Google sells any product that competes with his. At this early pleading stage, the flawed legal theories underlying Jurin's claims against Google warrant dismissal of Count II for violation of Section 43(a) of the Lanham Act and Counts V, VI, VII and IX for intentional and negligent interference with contractual relations and prospective economic advantage, fraud and unjust enrichment, respectively.

Count II, for false designation of origin, fails because Jurin has not pled that Google has used the STYROTRIM mark to designate or convey the origin, sponsorship, affiliation or endorsement of Google's goods or services. Nor has Jurin alleged that a reasonable consumer is likely to be confused into believing that he sponsors, endorses or is affiliated with Google, as opposed to third party advertisers. Jurin's allegations are therefore inadequate to state a claim under 15 U.S.C. § 1125(a)(1)(A). Jurin's false advertising theory under 15 U.S.C. § 1125(a)(1)(B) similarly fails. As conceded by the allegations of the Complaint, Jurin and Google are not competitors in the marketplace. Therefore, Jurin does not have standing to bring a false advertising claim against Google.

Counts V, VI, VII and IX are also fatally deficient. First, Google has complete immunity from such claims under the Communications Decency Act of 1996 (47 U.S.C. § 230). Even without this immunity, however, Counts V, VI, VII and IX must be dismissed because they fail to allege the required elements of the respective claims. The negligent and intentional interference with contractual relations claims fail because, among other things, negligent interference with contractual relations is not a valid cause of action in California. Also, as to both claims, Jurin has failed to allege the existence of a contract between him and a third party. The negligent and intentional interference with prospective economic advantage claims should be dismissed because Jurin failed to allege the required elements, including the actual identities of likely customers, and

Google's knowledge of, and intent to interfere with, his supposed relationships with such likely customers. Further, Jurin's fraud allegations fail. Even if Jurin satisfied the heightened pleading standard for fraud, he does not have standing to bring a fraud claim against Google based on the alleged reliance of third parties. In addition, the unjust enrichment claim fails because it is not a cognizable cause of action under California law and Jurin has failed to plead any quasi-contractual relationship between him and Google. Finally, to the extent Jurin contends his Complaint includes claims for conversion and negligent interference with existing economic relationships, those state law claims, which are not supported or even further identified in the Complaint, must also be dismissed because they are insufficiently pled.

Jurin cannot overcome the legal flaws and pleading deficiencies of his purported claims by good faith amendment. Accordingly, the Court should dismiss Counts II, V, VI, VII and IX with prejudice.

## RELEVANT BACKGROUND FACTS

Google's mission is to organize information and to make it useful and accessible to Internet users. Complaint ¶¶ 9-11. One way Google pursues that mission is through an Internet search engine. *Id.* In response to the search query of an Internet user, Google's search engine uses a proprietary algorithm to retrieve website listings ("links") from a database and displays them in a ranked list. *Id* at ¶ 11. Jurin refers to such listings as "organic" search results. *Id.* at ¶¶ 12-13. Google's search result pages may also display advertisements labeled as "Sponsored Links." *Id*. at ¶ 30. The Sponsored Link advertisements are created by third-party advertisers, who offer to pay for the opportunity to have their advertisements displayed when a user enters certain words or phrases ("keywords") in Google's search engine. *Id*. at ¶¶ 14, 30.

Jurin alleges that he owns the trademark STYROTRIM and that it is the name of the "building material [his company sells] to homeowners, contractors, and those in the construction and remodeling industries." *Id*. at ¶¶ 27-29, 36. Jurin alleges that third parties participating in Google's AdWord's program have paid Google to have their advertisements displayed in the labeled "Sponsored Links" sections of Google's search results pages in response to Internet search queries for "Styrotrim." *Id*. at ¶¶ 30-37. He also alleges that Google "suggests" use of his

trademark to third parties via its Keyword Tool. *Id.* at ¶ 42.  Jurin contends that these actions harm

his business by diverting unidentified, theoretical customers away from his website and to the

Sponsored Links.  *Id.* at ¶¶ 38, 42, 46.  In addition to damages, Jurin seeks broad injunctive relief,

including enjoining Google from using the keyword "Styrotrim," "or any substantially similar

word."  *See*  Complaint pgs. 22-23.

## ARGUMENT

Numerous counts of Jurin's Complaint should be dismissed because they fail to state a

viable claim for relief.  Fed.R.Civ.P. 12(b)(6); *Weisbuch v. County of Los Angeles*, 119 F.3d 778

(9th Cir. 1997).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

"The pleading must contain something more . . . than . . . a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."  *MRW, Inc.* v. *Big-O Tires, LLC*, 2008 WL

5113782, at *4 (E.D. Cal. Nov. 26, 2008) (citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965 n.3.).  "The

plaintiff bears the burden of pleading sufficient facts to state a claim.  Courts will not supply

essential elements of a claim that are not initially pled."  *Cal. Joint Powers Ins. Auth. v. Munich*

*Reinsurance Am., Inc.*, 2008 WL 1885754, at *2 (C.D. Cal April 21, 2008) (citing *Richards v.*

*Harper*, 864 F.2d 85, 88 (9th Cir. 1988)).  Although facts alleged in the compliant must be

accepted at true for purposes of a motion to dismiss, the Court need not accept as true conclusory

allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted

deductions of fact.  *E.g.*, *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  As

discussed below, even accepting as true Jurin's allegations, he would not be entitled to any relief

on Counts II, V, VI, VII and IX.

Further, the dismissal should be with prejudice because amendment would be futile.

"[L]eave to amend need not be granted when amendment would be futile."  *Pinzon v. Jensen*,

2009 WL 4134809, at *3 (E.D. Cal. Nov. 23, 2009); *see also Bonin v. Calderon*, 59 F.3d 815, 845

(9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to

amend." ).  Not only can Jurin not allege sufficient facts to support these counts factually, but

1  legally he cannot reframe these counts to plead around the "robust" protections of the

2  Communications Decency Act of 1996.  *See e.g. Goddard v. Google, Inc.*, 640 F.Supp. 2d 1193,

3  1202 (N.D. Cal. 2009) (dismissing plaintiff's claim with prejudice because otherwise the CDA's

4  robust protections would be eroded by costly and protracted legal battles).

5  I.     COUNT II FAILS AS A MATTER OF LAW

6        Count II of the Complaint purports to state a claim for false designation of origin and false

7  advertising in violation of 15 U.S.C. § 1125(a).  Complaint ¶¶ 71-76.  Both theories fail as a

8  matter of law.

9        A.     **Jurin Cannot State A Claim For False Designation Of Origin Because Google**
10              **Does Not Use The STYOTRIM Mark To Misrepresent Its Good Or Services.**

11       The Lanham Act's prohibition on false designation of origin applies only to confusion of

12  affiliation, connection, or association between the goods or services of the plaintiff and the

13  defendant.  15 U.S.C. § 1125(a)(1)(A).  As one court explained, a violation of this section occurs

14  "'when a producer misrepresents *his own* goods or services *as* someone else's.'"  *Optimum*

15  *Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007)

16  (emphasis added) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28

17  n.1 (2003)).  Thus, to state a claim for false designation of origin, Jurin must allege that Google

18  has used a word, term or trademark that:

19              is likely to cause confusion . . . as to the affiliation,
               connection, or association of such person [the one
20             alleged to have used a false designation of origin—
               i.e., the defendant] with another person [i.e. the
21             plaintiff] or as to the origin, sponsorship, or approval
               of his or her [i.e., the defendant's] goods, services, or
22             commercial activities by another person [i.e., the
               plaintiff].
23
   15 U.S.C. § 1125 (a)(1)(A).  He does not.
24

25       By its terms, this section of the Lanham Act addresses confusion in the minds of

26  consumers only as to the relationship between the plaintiff and the defendant.  As courts have

27  confirmed, the Lanham Act's reference to "another person" in this section means the plaintiff.

28  *E.g.*, *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1032-1033 (C.D. Cal 1998) (determining

that the false designation of origin claim involves the defendant's actions that may lead to confusion over whether the plaintiff sponsors the defendant's products); *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3rd Cir. 2008) (same); *Nemet Chevrolet Ltd. v. Consumeraffairs.com*, 564 F. Supp. 2d 544, 553 (E.D. Va 2008) (dismissing Lanham Act claims because "[p]laintiffs . . . alleged injury [resulting from defendant's use of plaintiff's name as a keyword in Internet search engines] is not of the sort that the Lanham Act sought to prevent"), *aff'd* 2009 U.S. App. LEXIS 28539 (4th Cir. 2009). Thus, to state a claim, Jurin must allege consumer confusion between Jurin and Google—not Jurin and a third party.

Jurin has not pled such a claim. He has not alleged consumer confusion as to Google's affiliation, connection or association with him, or as to his sponsorship or approval of Google's search engine. Instead, he alleges that Internet searchers who view the labeled "Sponsored Links," "may become confused, mistaken, misled and/or deceived that [the] 'Sponsored Links' which link to *Plaintiff's competitors' websites* may be affiliated with, connected to, or approved or sponsored by Plaintiff." Complaint at ¶ 74 (emphasis added). Without any allegation that Google misrepresented its own goods or services as Jurin's, the false designation of origin count must fail.

B. **Jurin's Attempt To Plead False Advertising Fails Because The Parties Are Not Competitors.**

Jurin also contends that the actions alleged in Count II "constitute[] false advertising." Complaint at ¶ 75. Because Jurin does not compete with Google he lacks standing to maintain such a claim.

In the Ninth Circuit, the false advertising prong of the Lanham Act § 43 (15 U.S.C. § 1125(a)(1)(B)), requires a competitive injury—i.e., that the injury harms the plaintiff's ability to compete with *the defendant*. *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995) (affirming dismissal of false advertising claim because complaint did not allege a competitive injury). The parties must be competitors in the sense that they "vie for the same dollars from the same consumer group," and the alleged misrepresentation must at least theoretically effect a diversion of business from the plaintiff *to the defendant*. *See Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F.Supp.2d 1111, 1117-18 (C.D. Cal. 2003) (no claim for false advertising stated even though

plaintiff athlete and defendant magazine may compete for the use of plaintiff's name and identity). Lacking such an allegation, the count must be dismissed. *E.g.*, *Jack Russell Terrier Network of Northern Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) (a former regional affiliate of the Jack Russell Terrier Club of America did not have standing to sue for false advertising under § 1125(a)(1)(B) for want of a competitive injury); *Bronson v. Florida*, 2009 WL 1764535, *1 n.4 (N.D. Cal. June 22, 2009) (dismissing Lanham Act claim against website operator because plaintiff did not allege competitive injury).

Here, it is beyond dispute that Google does not compete with Jurin. He sells building materials. Complaint at ¶ 27. Google is an Internet company that, among other things, operates an Internet search engine. Complaint at ¶ 5. Jurin and Google do not "vie for the same dollars from the same consumer group." Accordingly, the false advertising count fails as a matter of law.

II.      COUNTS V, VI, VII AND IX FAIL AS A MATTER OF LAW

Counts V, VI, VII and IX all fail because they are barred by the Communications Decency Act of 1996 ("CDA"). In addition, even if the CDA did not immunize Google from liability under such claims, Jurin fails to allege the requisite facts sufficient to support each such claim.

A.      **The CDA Provides Google With A Complete Defense Against Counts V, VI, VII and IX.**

The goal of the CDA is to "promote the continued development of the Internet and other interactive computer services." 47 U.S.C. § 230(b)(1); *see also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (*quoting Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006) (the CDA "establishe[s] a broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'")). To facilitate that goal, the CDA provides complete immunity to each "provider or user of an interactive computer service" from liability premised on "information provided by another content provider," except for intellectual property cases. 47 U.S.C. §§ 230(c)(1), (e).

"[R]eviewing courts have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service.'" *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003). Under the CDA, an "interactive computer service" qualifies for

immunity "so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." *Id.* An unprotected "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Thus, "so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process. *Id.* at 1124 (applying 47 U.S.C. § 230(f)(3)).

Google plainly satisfies the CDA's definition of an "interactive computer service" as an "information service . . . that provides or enables computer access by multiple users . . . ." 47 U.S.C. § 230(f)(2). Indeed, Google has repeatedly been held to qualify as an immune "interactive service provider." *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009) (dismissing claims with prejudice against Google under § 230); *Parker v. Google Inc.*, 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006) ("[There is] no doubt that Google qualifies as an 'interactive computer service.'"), *aff'd*, 242 Fed.Appx. 833, 838 (3rd Cir. 2007) (affirming that Google was immune and dismissing several state law claims, including negligence, under 47 U.S.C. § 230(c); *Langdon v. Google Inc.*, 474 F.Supp.2d 622, 631 (D. Del. 2007) (dismissing claims against Google under § 230)). In addition, third parties—not Google—provide the content published in the advertisements at issue here. Complaint ¶ 14 (alleging that "an internet marketer" "construct[s] an ad[vertisement]" and not alleging any involvement by Google in creating the contents of the advertisement). Google merely provides the advertising space while third parties provide the content published in the advertisements. *Id.* at ¶ 30. Accordingly, Google is not an "information content provider" exempt from the CDA's broad immunity for "interactive service providers."

In opposition, Jurin will presumably argue, as others (ineffectively) have, that Google does not qualify as an "interactive service provider" under the CDA because it "promot[ed], encourag[ed], enabl[ed], and profit[ed]" on his trademark via the Google keyword tool. *See* Complaint ¶¶ 42, 61, 66. His argument is insufficient. Google's keyword tool does not create the *content* of the advertisements; it merely gives advertisers the ability to refine keywords that they

select. *Id.* at ¶ 42. This is a classic example of protected editorial discretion. *See Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) ("Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred.").

Even if a particular tool "'facilitates the expression of information,' it generally will be considered 'neutral' so long as users ultimately determine what content to post." *Goddard*, 640 F.Supp.2d at 1197-1198 (citing *Fair Housing Council of San Fernando v. Roommates.com LLC (Roommates)*, 521 F.3d 1157, 1172 (9th Cir. 2008); *Carafano*, 339 F.3d at 1124). As the *Goddard* court held, "[l]ike the menus in *Carafano*, Google's Keyword Tool is a neutral tool. It does nothing more than provide options that advertisers may adopt or reject at their discretion." *Id.* Providing neutral tools to a third-party, even "to carry out what may be unlawful or illicit," does not make an "interactive service provider" like Google an "information content provider" under the CDA. *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 n.6 (9th Cir. 2009) (citing *Roommates*, 521 F.3d at 1169).

Because Google is an interactive service provider, not an information content provider, and because third parties—not Google—create the content of advertisements in Google's "Sponsored Links" section, Jurin's state law claims are barred by the CDA and should be dismissed. 47 U.S.C. § 230(c)(1).

## B. Jurin Has Failed To Allege Facts Sufficient To Support the Required Elements Of Interference With Contractual Relations.

Independently, Jurin's interference with contractual relations counts should be dismissed because (i) negligent interference with contractual relations does not exist as a cause of action in California and (ii) intentional interference with contractual relations requires the existence of a contract between Jurin and a third-party, which Google interfered with.

California courts have consistently refused to recognize a cause of action for negligent interference as opposed to intentional conduct that interferes with the performance of a contract between third parties. *See Roybal v. Equifax*, 2008 WL 4532447, at *12 (E.D. Cal. Oct. 9, 2008)

(citing *Fifield Manor v. Finston*, 54 Cal.2d 632, 636 (1960)).  Accordingly, Jurin's count for negligent interference with contractual relations fails as a matter of law and should be dismissed.

The Complaint fails even to recite each of the elements of a claim for intentional interference with contractual relations.  These consist of "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of [the] contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *Banga v. Allstate Ins. Co.*, 2009 WL 3073925, at *9 (E.D. Cal. Sept. 22, 2009) (quoting *Pacific Gas & Electric Co. v. Bear Sterns & Co.*, 50 Cal.3d 1118, 1126 (1990)).  Rather, Jurin alleges that Google disrupted the "*expectation* of obtaining *new* business, *new* customers, and further future economic advantage."  Complaint at ¶ 110 (emphasis added).  Lacking any allegation of a valid existing contract between him and a third party, Google's knowledge of that contract, or any acts by Google to cause breach of that contract, this Count fails.

C.  **Jurin Fails To Allege Facts Sufficient To Support The Required Elements Of Interference With Prospective Economic Advantage.**

Jurin's counts for negligent and intentional interference with prospective economic advantage fail because he has not alleged the threshold elements required for an interference claim.  To state a viable claim for negligent interference, Jurin must allege (1) an economic relationship between himself and a third party with probable future economic benefit to Jurin; (2) that Google knew of the relationship and was aware or should have been aware that if it failed to exercise due care its actions would interfere with this relationship; (3) Google was negligent; and (4) this negligence actually caused Jurin damage.  *See Hergenroeder v. Traveler's Prop. Casualty Ins. Co.*, 249 F.R.D. 595, 625 (E.D. Cal. 2008) (citing *North Am. Chem. Co. v. Superior Court*, 59 Cal.App.4th 764, 786 (1997)).  Further, "negligent interference may be asserted only where the defendant owes the plaintiff a duty of care."  *Weststeyn Dairy 2 v. Eades Commodities, Co.*, 280 F.Supp.2d 1044, 1090 (E.D. Cal. 2003).  The elements of intentional interference with prospective economic advantage are the same except that intentional acts on the part of the defendant designed to disrupt the relationship are required.  *See Janda v. Madera Cmty. Hosp.*, 16

F.Supp.2d 1181, 1189 (E.D. Cal. 1998) (citing *Westside Ctr. Associates v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 522 (1996)).

Here, Jurin does not allege anything more than "'a formulaic recitation of the elements of the cause of action,'" which is insufficient to state a claim. *Bell Atlantic Corp.*, 550 U.S. at 555 (2007). For example, Jurin fails to allege any facts that if true would constitute a concrete, identifiable economic advantage that would be realized but for the defendant's interference. *Aeroplane Corp. v. Arch Ins. Co.*, 2007 WL 4170630, at *13 (E.D. Cal. Nov. 20, 2007) (quoting *Youst v. Longo,* 43 Cal.3d 64, 71, n.6 (1987)). Jurin merely alleges that "potential customers" use computers and "the internet to find information on Plaintiff" and "may also purchase goods and services through Plaintiff's website." Complaint ¶¶ 96-98. It is well settled, however, that an allegation of interference with potential unidentified customers is too speculative to state a claim for interference with prospective economic advantage. *Janda*, 16 F.Supp.2d at 1189 (citing *Roth v. Rhodes*, 25 Cal.App.4th 530, 546 (1994)); *see also Westside Ctr. Associates*, 42 Cal.App.4th at 527 ("Without an existing relationship with an identifiable buyer, [the plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for a future benefit'").

Unsurprisingly, given Jurin's inability to identify any specific customer, he also fails to allege that when Google acted, it knew of a relationship between Jurin and any specific customer. Rather, Jurin merely alleges that "Google was . . . aware that Plaintiff had a reasonable expectation of obtaining new business, new customers and further future economic advantage . . . ." Complaint ¶ 110. Jurin does not allege any facts to support this conclusory allegation. Without alleging even a single identified relationship that was interfered with and Google's knowledge of such a relationship, the interference with prospective economic advantage counts fail.

In addition, Jurin's negligence "claim" also fails because it lacks any allegations demonstrating a "special relationship" between Jurin and Google that would give rise to a duty of care.

D. **Jurin Failed To Satisfy The Heightened Pleading Standard For Fraud And Failed To Allege Facts Sufficient To Support A Claim For Fraud.**

In addition to Google's CDA immunity from state law fraud claims, on these facts, the fraud count fails for at least two other reasons. First, the claim is not pled with particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Second, Jurin does not have standing because he does not allege that he justifiably relied on any representation by Google.

Both the Federal Rules and California state courts require that allegations of fraud be pleaded with particularity. "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *see also Comm. on Children's Television, Inc. v. Gen. Foods Corp.* 35 Cal.3d. 197, 216 (1983) ("Fraud actions . . . are subject to strict requirements of particularity in pleading.") *superseded by statute on other grounds as stated in Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 228 (2006). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Phillips v. "MERS" Mortgage Elec. Registration Sys.*, 2009 WL 3233865, at *7 (E.D. Cal. Oct. 2, 2009) (quoting *Nuebronner v. Milken*¸6 F.3d 666, 671-672 (9th Cir. 1993)). Jurin's Complaint does not and should be dismissed. *Id.* at *8.

The elements of a California fraud claim are (1) misrepresentation; (2) knowledge of the falsity ("scienter"); (3) intent to defraud (i.e. induce reliance); (4) justifiable reliance; and (5) resulting damages. *See City Solutions Inc. v. Clear Channel Commc'n*, 365 F.3d 835, 840 (9th Cir. 2004); *see also Lazar v. Superior Court*, 12 Cal.4th 631 (1996); *Conroy v. Regents of the Univ. of Cal.*, 45 Cal.4th 1244 (2009).

The Complaint falls far short of alleging such facts. Jurin merely alleges that Google represented, via the keyword tool, that "Styrotrim" was a "common keyword," and which he contends is false because "Styrotrim" is trademarked. Complaint ¶¶ 118-119. Even if this could constitute an actionable false statement, Jurin fails to allege any facts identifying the

circumstances of Google's intent or any facts relating to justifiable reliance. Accordingly, the Complaint fails to satisfy Rule 9(b)'s "who, what, when, where and how" requirement. *See Phillips*, 2009 WL 3233865, at * 8 (citing *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (dismissing fraud claim for failure to satisfy Rule 9(b) pleading standard)).

Count VII additionally fails because Jurin lacks standing. A necessary component of justifiable reliance is actual reliance. *E.g. Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 WL 3365851, at *28 (E.D. Cal. Oct. 16, 2009) (citing *Buckland v. Threshold Enters., Ltd.*, 155 Cal.App.4th 798, 807 (2007)). Actual reliance requires that the alleged misrepresentation, "is an immediate cause of [a plaintiff's] conduct, which alters his legal relations, and when absent such representation, he would not, in all reasonable probability, have entered into the contract or other transaction." *Id.* (internal cite omitted) (alteration in original). Jurin has not—and cannot—allege that *he* relied on the alleged misrepresentation that Styrotrim is a common keyword. Indeed, Jurin does not so allege. Rather, he seems to imply other unidentified third parties justifiably relied on this supposed misrepresentation. Complaint at ¶¶ 42, 118-120. Because Jurin has no standing to maintain a cause of action for fraud on behalf of these unidentified third parties the fraud count must be dismissed.

E.    **Jurin Cannot Maintain A Claim For Unjust Enrichment.**

Count IX of the Complaint should be dismissed because "there is *no cause of action* in California for unjust enrichment." *Walker v. USAA Casualty Ins. Co.*, 474 F.Supp.2d 1168, 1174 (E.D. Cal. 2009) (citing *Melchoir v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 794 (2003) (emphasis in original)); *see also Lorenzo v. Qualcomm Inc.*, 603 F.Supp.2d 1291, 1307 (S.D. Cal. 2009); *Rosal v. First Fed. Bank of Cal.*, 2009 WL 2136777, at *16 (N.D. Cal. July 15, 2009). Jurin alleges unjust enrichment as a separate cause of action and merely asserted, "[d]efendant has been unjustly enriched at plaintiff's expense," with no other facts. Complaint at ¶ 131. As a matter of law, this is not a claim for which relief can be granted.

1

F.   **Jurin's Unpled Claims Of Conversion and Negligent Interference With Existing Economic Relations Fail As A Matter Of Law.**

2

3    To the right of the caption, the first page of the Complaint identifies claims of

4    "conversion" and "negligent interference with existing economic relations" in addition to nine

5    others, but the Complaint fails to allege any facts in support of these "claims."  Complaint at 1.

6    Indeed, it does not even refer to them again.  If Jurin contends that his Complaint includes such

7    claims, both should be dismissed as barred by the CDA and insufficiently pled.

8                                    **CONCLUSION**

9    For the foregoing reasons, the Court should dismiss Counts II, V, VI, VII and IX.

10   DATED:  December 30, 2009           QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
11

12

13                                      By /s/Margret M. Caruso
                                           Margret M. Caruso
14                                         Attorneys for Defendant Google Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on December 30, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

/s/ Margret M. Caruso
Margret M. Caruso