QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
  Cheryl A. Galvin (Bar No. 252262)
  cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065-2129
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100
Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL JURIN, an Individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>GOOGLE, INC.,<br><br>            Defendant. | CASE NO. 2:09-cv-03065-MCE-KJM<br><br>**DECLARATION OF MARGRET M. CARUSO** |

## DECLARATION OF MARGRET M. CARUSO

I, Margret M. Caruso, hereby declare as follows:

1. I am a member of the Bar of the State of California and a partner of the law firm of Quinn Emanuel Urquhart Oliver & Hedges ("Quinn Emanuel"), attorneys of record for defendant Google Inc. ("Google") in this matter.  I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2. I submit this Declaration in support of Google Inc.'s Motion for Costs and to Stay the Proceedings under Federal Rule of Civil Procedure Rule 41(d).

- 1 -

3. Attached to this declaration as Exhibit A is a true and correct copy of the Complaint filed in *Daniel Jurin v. Google, Inc. and Does 1-10, Inclusive*, Civil Action No. CV09-03934, in the United States District Court in the Central District of California, as retrieved from the Public Access to Court Electronic Records ("PACER") system.

4. Attached to this declaration as Exhibit B is a true and correct copy of the "Stipulation to Extend Time to Respond to Initial Complaint by not more than 30 Days" filed in *Daniel Jurin v. Google, Inc. and Does 1-10, Inclusive*, Civil Action No. CV09-03934, in the United States District Court in the Central District of California, as retrieved from the PACER system.

5. Attached to this declaration as Exhibit C is a true and correct copy of the "Stipulation to Extend Time to Respond to Initial Complaint" filed in *Daniel Jurin v. Google, Inc. and Does 1-10, Inclusive*, Civil Action No. CV09-03934, in the United States District Court in the Central District of California, as retrieved from the PACER system.

6. Attached to this declaration as Exhibit D is a true and correct copy of the "Notice of Dismissal Without Prejudice of Action Pursuant to Fed. R. Civ. P. 41 et seq." filed in *Daniel Jurin v. Google, Inc. and Does 1-10, Inclusive*, Civil Action No. CV09-03934, in the United States District Court in the Central District of California, as retrieved from the PACER system.

7. I was the partner primarily responsible for Google's defense in the prior action, *Jurin v. Google*, filed in the Central District of California (the "First Action"). In that capacity, among other tasks, I reviewed the complaint, analyzed the substantive issues presented by the complaint, conferred with Plaintiff's counsel, and prepare and reviewed stipulations to extend time. I also worked with and supervised other attorneys who worked on the First Action. Based on my own conduct and my observations of other attorneys who worked on the First Action, I have an understanding of the amount of attorney time and out-of-pocket expenses spent litigating the First Action.

8. In connection with its defense of the First Action, Google incurred costs for attorneys' fees and other expenses in connection with the following activities:

        a. Analyzing the claims in the first complaint, researching and drafting a motion to dismiss certain claims;

        b. Negotiating, preparing, and filing stipulations to extend time to respond to the complaint, including internal review and discussion of local practice and work related to an (unfiled) ex parte motion for extension of time; and

        c. Performing other activities specific to the action in the Central District of California, including preliminary review of the complaint and communicating with opposing counsel regarding case status and timing.

9. The amount of attorney's fees and expenses sought in connection with Google's Motion For Costs is limited to those in categories (b) and (c). These expenses and legal fees were necessary to properly defend and protect the interests of Google. None were optional or incurred for mere convenience.

10. In connection with this motion, I reviewed Quinn Emanuel's invoices that have been paid by Google. Based on that review and my own recollection of the work performed, I determined that the following three attorneys at Quinn Emanuel performed work in the First Action at the listed rates:

        a. At the rate of $720 per hour—me, Margret M. Caruso

        b. At the rate of $415 per hour—associate Stan Karas

        c. At the rate of $355 per hour—associate Cheryl A. Galvin

The difference in the rates reflects the different level of experience of each attorney. The higher the rate, the more experienced the attorney. I am a graduate of Cornell Law School, have been licensed to practice law since 1998, and have been a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, since January 2004. Stan Karas is a graduate of Boalt Hall School of Law, University of California, Berkeley and has been licensed to practice law since 2002. Stan is an associate in Quinn Emanuel's Los Angeles office and provided valuable information about local practice there as well as preparation of filings. Cheryl Galvin is a graduate of Stanford University Law School and has been licensed to practice law since 2007. She is an associate in Quinn

Emanuel's Silicon Valley office and works closely with me in handling trademark matters for Google.

11. Based on my review of the work in the First Action, I estimated the amount of recoverable expenses and fees owed to Google. I excluded amounts relating to activities that may be useful in the present action, such as analysis of the substantive claims, and included only expenses and fees that were useful only in the First Action. In certain instances, time entries do not allow for precise allocations to one of the above categories. In those instances, I made a good faith estimate—conservatively allocating costs to categories (b) and (c)—of the fees based on my own work in the First Action and my observations of other attorneys' work on the First Action. At the Court's request, the invoices I reviewed can be made available.

Category (b): Negotiating and Preparing Extensions of Time

12. My good faith, reasonable estimate of the number of hours spent preparing stipulations to extend time to respond to the complaint, including filings and communications with opposing counsel is 7.5 hours. Given the hours spent at the corresponding attorney hourly rates, I believe that it is reasonable for Google to be reimbursed a total of $4,121.00 for the amount of the Quinn Emanuel attorneys' fees incurred by Google. My good faith, reasonable estimate of Quinn Emanuel's other expenses associated with preparing stipulations to extend time to respond to the complaint, including filings and communications with opposing counsel totals $71.01. I believe that the amount being sought is reasonable under the circumstances. The document attached as Exhibit E details these fees and expenses.

Category (c): Other Activities Specific to the Action in the Central District of California

13. Based on the foregoing, my good faith, reasonable estimate of the number of hours attorneys at Quinn Emanuel spent reviewing the complaint and preparing to litigate in the Central District of California is 2.3 hours. Given the hours spent at the corresponding attorney hourly rates, I believe that it is reasonable for Google to be reimbursed a total of $1,635.00 for the amount of the Quinn Emanuel attorneys' fees incurred by Google. My good faith, reasonable

estimate of Quinn Emanuel's other expenses associated with reviewing the complaint and preparing to litigate in the Central District of California totals $203.51.  I believe that the amount being sought is reasonable under the circumstances.  The document attached as Exhibit E details these fees and expenses.

14. Based on my review of the relevant records, my work on the First Action and my observations of other attorneys' work on the First Action, I believe that Google should be reimbursed a total of $6,030.52—$5,756.00 for Quinn Emanuel attorneys' fees, and $274.52 for other expenses related to categories (b) and (c).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of December, 2009.

By /s/ Margret M. Caruso
Margret M. Caruso