QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
  Cheryl A. Galvin (Bar No. 252262)
  cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065-2129
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100
Attorneys for Defendant
Google Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL JURIN, an Individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>GOOGLE, INC.,<br><br>        Defendant. | CASE NO. 2:09-cv-03065-MCE-KJM |

## JOINT STATUS REPORT

       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring Joint Status Report, Defendant Google Inc. ("Google") hereby submits this status report.  Despite numerous efforts to meet and confer with counsel for Plaintiff Daniel Jurin ("Jurin"), counsel for Google has been unable to speak with counsel for Jurin.  Counsel for Google left voice messages and/or emails for counsel for Jurin on January 5, 7, and 8, on each of those dates seeking a mutually convenient time to meet and confer and explaining that Google's counsel would be unavailable to meet and confer on January 11 due to travel and a hearing out of state.  Although Jurin's counsel left a voicemail on January 8 suggesting that he would send a draft of a report, he did not do so.  Google therefore submits the following report without having had the opportunity to meet and confer with Plaintiff.

(a)       A brief summary of the claims:

-1-                              Case No. 2:09-cv-03065-MCE-KJM

1    **Plaintiff**:        ?

2    **Defendant**:    **Defendant Google Inc. is an Internet service provider that operates a
     popular search engine, which is available free of charge to Internet users.  In
3    conjunction with its free search engine, Google operates an advertising program
     called AdWords, which allows hundreds of thousands of people and businesses to
4    promote their products and services through targeted advertising.  Under Google's
     AdWords program, ads placed by advertisers are displayed on the organic search
5    results page under the heading "Sponsored Links" and relate to the particular terms
     and phrases entered by users into Google's search engine.**

6
     **Both Google's organic search results and its revenue-producing AdWords
7    advertisements help Internet users quickly and easily access relevant information.
     For example, a search for a particular product may yield links to websites of the
8    company offering the product; of retailers or repairers of that product; of
     competitors who offer information about features of comparable products, including
9    price, that facilitate comparison shopping; maps that show where the product can be
     found, as well as the location of nearby businesses; videos and images featuring the
10   product; and news, consumer reports, commentary, reviews, and criticism of the
     product.**

11
     **Plaintiff's purported claims against Google are based on AdWords advertisements
12   created and paid for by third-party advertisers.  These advertisers bid on the
     opportunity to have their advertisements appear when users of Google's search
13   engine enter certain words or word combinations as search queries.  Google believes
     that truthful advertisements containing links to websites offering competitive and
14   relevant products are helpful to consumers, not confusing as to source or affiliation,
     and not a violation of Jurin's rights by Google.  Google contends that it has not
15   violated any of Jurin's rights under the Lanham Act or otherwise.**

16   (b)    Status of service upon all defendants and cross-defendants.

17          **Defendant Google Inc. was served with the complaint on November 10, 2009.  There
            are no other defendants or cross-defendants named in the complaint.**

18
19   (c)    Possible joinder of additional parties.

            **None at this time.**
20
21   (d)    Contemplated amendments to the pleadings.

            **None at this time.**
22
23   (e)    The **statutory** basis for jurisdiction and venue.

24          **Plaintiff**:        **In its Complaint, Plaintiff claims jurisdiction under the Lanham Act
            [15 USC §§ 1114, 1125].  Plaintiff asserts that venue is proper in the United States
25          District Court for the Eastern District of California, Sacramento Division under 28
            USC § 1391, because a substantial part of the events or omissions giving rise to the
26          claim occurred in this venue.**

            **Defendant**:    **Defendant has not asserted any claims at this time.**
27
28   (f)    Anticipated discovery and the scheduling of discovery, including:

(1)  What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

**Plaintiff:**     ?

**Defendant:     No changes are necessary.  The parties should make their Initial Disclosures on or before January 25, 2010.**

(2)     The subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases.

**Discovery will be completed by April 29, 2011.  The parties will likely conduct discovery on the use of Plaintiff's alleged trademark in Google's advertising program and issues relating to the ownership, validity, and strength of Plaintiff's trademark, as well as Google's affirmative defenses.**

(3)     What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed.

**None.**

(4)     The timing of the disclosure of expert witnesses and information required by 26(a)(2).

**Plaintiff will make its expert disclosures on or before January 14, 2011.  Defendant will make its expert disclosures on or before February 25, 2011.  Rebuttal expert reports will be due April 8, 2011.**

(5)     The proposed dates for discovery cut-off.

**Proposed discovery cut-off date: April 29, 2011.**

(g)     Proposed date by which all non-discovery motions shall be filed.

**Non-discovery motions filing deadline: June 10, 2011.**

(h)     Proposed dates for final pretrial conference and trial.

**Proposed final pretrial conference date: October 14, 2011.  Proposed trial date: November 7, 2011.**

(i)     Estimate of days of trial, and whether any party has demanded a jury.

**Defendant estimates that this case will require 5 trial days.  The Plaintiff made a jury demand in its Complaint.**

(j)     Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c).

**The parties cannot agree to try the matter before a magistrate judge.  There is no need for a special master.**

(k)     Proposed modification of standard pretrial procedures due to the special nature of the case;

1          **None.**

2   (l)    Whether the case is related to any other case, including any matter involving bankruptcy.

3          **Not applicable.**

4   (m)    Prospects for settlement, including whether a settlement conference should be scheduled.

5          **Proposed date for a settlement conference:  On or about May 20, 2011.**

6   (n)    Any other matters that may be conducive to the just and expeditious disposition of the
    case, including whether counsel will waive any disqualification and stipulate to the trial judge
7   acting as a settlement judge.

8          **Defendant is willing to waive any disqualification and stipulate to the trial judge
    acting as a settlement judge and anticipates that the parties will file a stipulated ESI protocol
9   and a protective order to govern discovery in this case.**

10

11  DATED:  January 11, 2010                    QUINN EMANUEL URQUHART OLIVER &
                                                HEDGES, LLP
12

13
                                          By___/s/ Margret M. Caruso_____
14                                            Margret M. Caruso
                                              Attorneys for Defendant Google Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on January 11, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

/s/ Margret M. Caruso
Margret M. Caruso