1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Margret M. Caruso (Bar No. 243473)
2    margretcaruso@quinnemanuel.com
     Cheryl A. Galvin (Bar No. 252262)
3    cherylgalvin@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, CA  94065-2129
   Telephone:    (650) 801-5000
5  Facsimile:    (650) 801-5100
   Attorneys for Defendant
6  Google Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL JURIN, an Individual, | CASE NO. 2:09-cv-03065-MCE-KJM |
| Plaintiff, | **GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS AND TO STAY THE PROCEEDINGS UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 41(d)** |
| vs. | |
| GOOGLE, INC., | |
| Defendant. | Date: January 28, 2010<br>Time: 2:00 p.m.<br>Hon. Judge England, Jr. |

## GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS AND TO STAY THE PROCEEDINGS UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 41(d)

Defendant Google Inc. ("Google") hereby responds to the Opposition to Motion for Costs filed by Plaintiff Daniel Jurin ("Jurin"). In his opposition, Jurin cites no law that would justify denying Google's Motion For Costs and to Stay the Proceedings under Federal Rules of Civil Procedure Rule 41(d). In addition, Jurin does not even contend that the factual predicates of Rule 41(d) are not satisfied. Therefore, Google's motion should be granted.

Jurin's list of conclusions and personal opinions filed in opposition to Google's motion do not justify denying the motion. For example, Jurin asserts that there is no evidence that the fees being sought were ever billed to Google, despite the record establishing that Google has paid

Quinn Emanuel's invoices, and that it is only for those paid fees and costs that Google is seeking recovery. *See* Declaration of Margret M. Caruso, ("Caruso Decl."), ¶¶ 8-10. Likewise, notwithstanding Jurin's *ipse dixit* assertion, the cost of being admitted into the district in which the case is being litigated is a cost typically borne by the client. *See Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, 2007 WL 2320672, \*\*5, 7 (D. Haw. Aug. 10, 2007) (awarding *pro hac vice* costs for a Rule 41(d) motion because they were not useful to the second litigation); *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 899 (8th Cir. 2009) (holding that *pro hac vice* fees were recoverable as costs awarded to a prevailing party). In addition, this is a cost that would not have been incurred but for Jurin's filing in the Central District originally, and it was, in fact, paid for by Google. *See* Caruso Decl. ¶ 10. Similarly, Jurin's objection to the 7.5 hours spent preparing stipulations to extend time to respond to the complaint is misplaced. If Jurin had been willing at the outset to stipulate to the routine extension of time that Google sought, Google's counsel would not have been forced to spend additional time discussing the issue with Jurin's counsel and with Google and would not have been required to prepare an ex parte motion and two separate stipulations to obtain what was originally requested—and is usually routinely granted. Accordingly, as Rule 41(d) provides, Jurin should compensate Google for the costs it incurred and paid as a result of Jurin's obstreperous and wasteful actions. *See* Caruso Decl. ¶¶ 8-10, 12-14, Ex. E.

Jurin's behavior thus far—including his refusal to grant a routine extension, the unsupported attacks in his opposition, his failure to meet and confer on the Rule 26(f) Joint Status Report, and his unexplained filing, dismissal, and re-filing of this action against Google—do not bode well for a reasonable and merits-based resolution of this matter. In other words, Jurin's behavior justifies awarding costs and staying the case pending payment. Rule 41(d)'s purpose is to prevent just the type of "oppressive and vexatious" litigation Jurin has demonstrated. *Harcopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (citations omitted).

# CONCLUSION

For the foregoing reasons, and those set forth in Google's initial memorandum and supporting evidence, Google's motion for $6,030.52 in costs and for a stay of the proceedings pending Jurin's payment of those costs should be granted.

DATED: January 21, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Margret M. Caruso
Margret M. Caruso
Attorneys for Defendant Google Inc.

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on January 21, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

          /s/ Margret M. Caruso
          Margret M. Caruso