1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Margret M. Caruso (Bar No. 243473)
2    margretcaruso@quinnemanuel.com
     Cheryl Galvin (Bar No. 252262)
3    cherylgalvin@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
5  Facsimile:    (650) 801-5100

6  Attorneys for Defendant

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         SACRAMENTO DIVISION

11

12 | DANIEL JURIN, an Individual, | CASE NO. 2:09-cv-03065-MCE-KJM |
|---|---|
| Plaintiff, | **GOOGLE INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** |
| vs. | |
| GOOGLE INC., | Date:   January 28, 2010<br>Time:   2 p.m<br>Judge:  Morrison C. England, Jr. |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.    COUNT II SHOULD BE DISMISSED ....................................................................... 2

    A.    The Second Cause Of Action Fails To State A Claim Under The Lanham Act For False Designation of Origin. .................................................................. 2

    B.    The Second Cause Of Action Fails To State A Claim Under The Lanham Act For False Advertising. ................................................................................... 2

II.    COUNTS V, VI, VII AND IX SHOULD BE DISMISSED ....................................... 3

    A.    Jurin's State Law Claims Are Barred By The Communications Decency Act. ................................................................................................................... 3

    B.    Jurin Failed To Allege Facts Sufficient To Support Counts for Intentional And Negligent Interference with Contractual Relations or Economic Advantage. ........................................................................................................ 5

    C.    Jurin Failed To Allege Facts Sufficient To Support A Count For Fraud. ................. 5

CONCLUSION ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

### Cases

*Barrus v. Sylvania*,
  55 F.3d 468 (9th Cir. 1995)..................................................................................................2

*Brtiz Fertilizers, Inc. v. Bayer Corp.*,
  2009 WL 3365851 (E.D. Cal. Oct. 16, 2009) ........................................................................6

*Carafano v. Metroplash.com Inc.*,
  339 F.3d 1119 (9th Cir. 2003)............................................................................................4, 5

*Doe v. MySpace Inc.*,
  629 F. Supp. 2d 663 (E.D. Tex. 2009) ...................................................................................4

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) ................................................................................................4

*Goddard v. Google Inc.*,
  640 F. Supp. 2d 1193 (N.D. Cal. 2009) .............................................................................3, 5

*Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.*,
  407 F.3d 1027 (9th Cir. 2005)................................................................................................2

*Kournikova v. General Media Communications, Inc.*,
  278 F. Supp. 2d 1111 (C.D. Cal. 2003)..................................................................................3

*Langdon v. Google Inc.*,
  474 F. Supp. 2d 622 (D. Del 2007) ........................................................................................3

*Parker v. Google, Inc.*,
  422 F. Supp. 2d 492 (E.D. Pa. 2006) *aff'd*, 242 Fed.Appx. 833 (3rd Cir. 2007).......................3

*Rescuecom Corp. v. Google Inc.*,
  562 F.3d 123 (2d Cir. 2009)...................................................................................................2

*Rosetta Stone v. Google Inc.*,
  Civ.No. 1:09cv736, (E.D. Va. 2009) .....................................................................................4

### Statutes

15 U.S.C. 1125(a)...........................................................................................................................2

Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230 ...............................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court should dismiss Counts II, V, VI, VII and IX of plaintiff Daniel Jurin's ("Jurin") Complaint. In his Opposition, Jurin does not salvage his Second Cause of Action for false designation of origin and false advertising under Section 43(a) of the Lanham Act. As Jurin concedes, he cannot allege that consumers are deceived into believing that Jurin sponsors, endorses or is affiliated with *Google*. He simply reiterates his allegation that consumers are deceived into believing that the third-party advertisements are approved by the owner of the STYROTRIM mark. Jurin's contention that he and Google are competitors for purposes of his false advertising claim also misses the mark. For purposes of the Lanham Act, what matters is whether Jurin and Google sell competing goods and services in the same marketplace. They do not. Jurin neither alleges nor argues otherwise. Accordingly, Count II should be dismissed.

Jurin's Opposition offers no justification not to dismiss his state law claims as barred by the Communications Decency Act. The CDA's protection for interactive service providers that publish information of third parties requires dismissal of non-intellectual property-based state law claims, Counts V, VI, VII and IX. Because, as Jurin concedes, third-party advertisers make the ultimate decision in selecting content to post in the advertisements and the keywords they bid on, Google is not a content provider under controlling precedent. Rather, it is a protected interactive service provider. Accordingly, Jurin's state law claims should be dismissed.

Even if they were not barred by the CDA, Jurin's state law claims of interference with contractual relations and prospective economic advantage and fraud should still be dismissed. Jurin's Opposition fails, as did his complaint, to identify the existence of a contract between him and a third party or the identity of an actual likely customer. These deficiencies alone require dismissal of his interference claims. Finally, Jurin has not satisfied the heightened pleading standard for fraud—and even if he could, he fails to demonstrate how he has standing to bring a claim for fraud Google allegedly committed against third parties.

As such, the Court should dismiss Counts II, V, VI, VII and IX with prejudice.

# ARGUMENT

## I. COUNT II SHOULD BE DISMISSED

### A. The Second Cause Of Action Fails To State A Claim Under The Lanham Act For False Designation of Origin.

The Lanham Act provides a remedy where the public is deceived into believing that the plaintiff endorsed, sponsored or approved of the *defendant's* product. 15 U.S.C. 1125(a); *see also* Google's Opening Brief at 4-5. That is not what Jurin pled. Rather, as he continues to argue, his position is that the public is deceived into believing that "the *third party ads* are directly sponsored by, approved by, [or] affiliated with the maker of STYROTRIM." Opp. at 5 (emphasis added). Even if true, this does not violate § 1125(a). *See* Google's Opening Brief at 4-6.

Rather than refute the authority establishing the inadequacy of Jurin's false designation of origin claim, Jurin's Opposition heavily relies on the Second Circuit determination in *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2d Cir. 2009), that use of a trademark in Google's Adwords program can qualify as a "use in commerce" under 15 U.S.C. 1125(a). Opp. at 7-8. Jurin's straw man should be ignored. Google does not challenge the "use" element. It challenges Jurin's failure to satisfy other elements of § 1125(a), namely, confusion between the plaintiff and the defendant. Google's Opening Brief at 4-5. No similar deficiency was argued to the *Rescuecom* court, and it did not address that issue. As such, it does not salvage Jurin's § 1125(a) Count.

### B. The Second Cause Of Action Fails To State A Claim Under The Lanham Act For False Advertising.

Maintenance of a false advertising claim under 15 U.S.C. § 1125(a)(1)(B) requires: "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the *plaintiff's ability to compete with the defendant*. *Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.* 407 F.3d 1027, 1037 (9th Cir. 2005) (emphasis added) (citing *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995)). Jurin has not alleged how Adwords harms his ability to compete with *Google*.

Jurin's Opposition ignores the case law cited by Google and argues that those cases are factually distinguishable because they did not involve "trademark keywords and Adwords," but

rather "organic search results in a search engine." Opp. at 8. In fact, the authority cited by Google did not involve search engines at all, and establishes—irrespective of the type advertising involved—that to maintain standing for false advertising a plaintiff must compete with the defendant, such that they offer similar goods and services to the same consumers. *See* Google's Opening Brief at 5-6. Jurin has not and cannot make such an allegation. Jurin and Google do not sell competing goods or services: Jurin sells building materials, while Google is an Internet company. Complaint ¶¶ 5, 27. To maintain a false advertising claim Jurin must allege at least a theoretical diversion of business from him to Google—not him to "third parties who are direct[ly] competing" with him. Opp. at 8. Indeed, because Jurin cannot credibly allege that he operates a search engine with keyword-triggered advertising offered to third parties that competes with Google, the Court should dismiss Jurin's false advertising count with prejudice.[1]

## II. COUNTS V, VI, VII AND IX SHOULD BE DISMISSED

### A. Jurin's State Law Claims Are Barred By The Communications Decency Act.

It is appropriate to dismiss claims barred by the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, at the pleading stage. *Goddard v. Google Inc.,* 640 F.Supp.2d 1193 (N.D. Cal. 2009); *Parker v. Google, Inc.* 422 F.Supp.2d 492 (E.D. Pa. 2006) *aff'd*, 242 Fed.Appx. 833 (3rd Cir. 2007); *Langdon v. Google Inc.*, 474 F.Supp.2d 622 (D. Del 2007). Early dismissal is particularly justified for claims falling within the zone of CDA immunity, because without it defendants would be prejudiced by denial of "the CDA's 'robust' protections," which would "be eroded by further litigation." *Goddard*, 640 F.Supp.2d at 1202. Google satisfies the prerequisites for dismissal under the CDA, thus, Counts V, VI, VII and IX should be dismissed at this time.

---

[1] Jurin contends that Google's reliance on *Kournikova v. General Media Communications, Inc.* is misplaced. 278 F.Supp.2d 1111 (C.D. Cal. 2003); Opp. at 9. He is wrong. The *Kournikova* court found that the plaintiff athlete and defendant magazine were competitors because both engaged in "the entertainment business" and both sold similar products through the same channels. *Id.* at 1118. Jurin and Google are not in the same business and do not sell similar products or provide "similar offerings" (whether keywords or search results or Styrofoam decorative trim) to the same group of consumers. *Cf. id.* at 1117-1118.

1   As predicted, Jurin contends that Google does not qualify as an interactive service provider
2   and that Google's keyword tool is not neutral because Google suggests, "prompt[s], incite[s] and
3   encourag[es]" the use of his trademark via the keyword tool.  Opp. at 11-12.  Tellingly, aside from
4   a short discussion of the *Goddard* case, Jurin makes no effort to distinguish any of the precedent
5   that Google is an interactive service provider for purposes of § 230.  *See* Google's Opening Brief
6   at 6-8; *see also* Declaration of Margret M. Caruso, Ex. A, Relevant portion of transcript for
7   motion to dismiss hearing in *Rosetta Stone v. Google Inc.,* Civ.No. 1:09cv736, (E.D. Va. 2009)
8   (granting Google's motion to dismiss state law claims under the CDA notwithstanding challenge
9   by plaintiff based on Google's keyword tool).

10   As long as an interactive service provider does not *require* the publication of, or develop,
11   the particular information at issue, other than through the use of neutral tools, it does not become
12   an "information content provider" that is not protected by the immunity of the CDA.  *Carafano v.*
13   *Metroplash.com Inc.*, 339 F.3d 1119, 1124-1125 (9th Cir. 2003) (granting Internet dating service
14   immunity under the CDA as an interactive service provider because selection of content was left
15   exclusively to third parties, despite the fact that dating service provided pre-prepared responses to
16   multiple choice questionnaire which was improperly used by a third party to create a false and
17   embarrassing on-line dating profile of an actress.); *see also* Google's Opening Brief at 6-8.

18   Jurin's citation of *Fair Housing Council of San Fernando Valley v. Roommates.com*, *LLC*,
19   521 F.3d 1157 (9th Cir. 2008), does not change the conclusion that the CDA protects Google.  In
20   that opinion, the Ninth Circuit predicated its holding on the fact that Roommates.com "force[d]"
21   every user of its website service to answer certain potentially discriminatory questions with
22   prescribed choices as a condition for accessing its service.  *Id.* at 1166; *see also Doe v. MySpace*
23   *Inc.*, 629 F.Supp.2d 663, 665 (E.D. Tex. 2009) (holding MySpace immune under the CDA where
24   it does not require users to provide additional information to their profiles).  Jurin does not—and
25   cannot in good faith—allege that Google "forces" advertisers to use any particular keyword or
26   advertising text.  Moreover, another federal court recently rejected a trademark owner's argument
27   based on *Roomates.com* that the CDA did not protect Google's AdWords program.  *See* Relevant
28   portion of transcript for motion to dismiss hearing in *Rosetta Stone v. Google Inc.,* Civ.No.

1:09cv736, (E.D. Va. 2009) at 29-30 (applying CDA's protection to Google and explaining that *Roommates.com* "is distinguishable in about three ways") (attached as Exhibit A to Caruso Decl.). Thus, it does not matter if Jurin is correct that Google, via the keyword suggestion tool, "originates the idea" for use of his trademark used in the content of third party advertisements, Opp. at 11-12, as long as it is the third-party advertisers, not Google, who ultimately decide which keyword to use and what content to include in the ads. *Goddard* 640 F.Supp.2d at 1198-1199; *Carafano*, 339 F.3d at 1124-1125. Accordingly, Jurin's state law claims based on interference with contract and prospective economic advantage and fraud should be dismissed under the CDA.

Unable to meaningfully challenge the merits of Google's CDA motion, Jurin sets up a false argument suggesting that "this court must decide whether the CDA overrides the Lanham act." Opp. at 15. Because Google does not contend that the CDA provides blanket immunity to all of Jurin's alleged claims, including his claims for violation of the Lanham Act, Jurin's argument is irrelevant.

### B.  Jurin Failed To Allege Facts Sufficient To Support Counts for Intentional And Negligent Interference with Contractual Relations or Economic Advantage.

Of Jurin's four interference claims, his Opposition altogether fails to rebut Google's argument as why the negligent interference with contractual relations claim is insufficient, and for the other three claims simply rests on the inadequate pleadings. Opp. at 15-16. Unable to refute established precedent requiring existing contracts or business relationships, Jurin merely asserts, with no factual explication, that the Complaint sufficiently alleges the required elements. *Id.* Yet his characterization of the allegations that Google has interfered with "*potential* new business" belies his assertion. Opp. at 15 (emphasis added). Without any allegations identifying existing contracts or business relationships between Jurin and a third party with which Google purportedly interfered, much less allegations that Google knew of such relationships, Jurin's remaining three interference claims must also fail. *See* Google's Opening Brief at 8-10.

### C.  Jurin Failed To Allege Facts Sufficient To Support A Count For Fraud.

Jurin's Opposition fails to identify with any more specificity the circumstances of his purported fraud claim. Instead, it merely asserts that the allegations of the Complaint are

1 sufficient. For reasons discussed in Google's opening brief, they are not. *See* Google's Opening Brief at 11-12. Likewise, Jurin's Opposition fails even to set forth a theory—much less specific facts—of how *he* was deceived by Google's actions. *Brtiz Fertilizers, Inc. v. Bayer Corp.*, 2009 WL 3365851 at *28 (E.D. Cal. Oct. 16, 2009). Rather, he persists in asserting that "Google Adwords Advertisers" are deceived through use of the Google keyword tool. Opp. at 17. Jurin does not have standing to act on behalf of other advertisers who were not familiar with his STYROTRIM mark, and he cites no authority to the contrary. As such, his fraud count should be dismissed.

## **CONCLUSION**

For the foregoing reasons and those stated in Google's Opening Brief, the Court should dismiss Counts II, V, VI, VII and IX.

DATED: January 21, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/Margret M. Caruso
  Margret M. Caruso
  Attorneys for Defendant Google Inc.

1 **CERTIFICATE OF SERVICE**

2   I certify that counsel of record who are deemed to have consented to electronic service are
3 being served on January 21, 2010 with a copy of this document via the Court's CM/ECF system
4 per Local Rule 135(a).

6   /s/ Margret M. Caruso
7   Margret M. Caruso