# EXHIBIT A

```
 1    dismiss as it relates to the forum selection clause.
 2                 That brings us to the false representation
 3    claim under 12(b)(6).  Obviously, I'm applying *Bell
 4    Atlantic versus Twombly* and *Ashcroft versus Iqbal*.  And it
 5    seems to me that I'm going to grant the motion to dismiss
 6    as it relates to the false representation of the so-called
 7    false endorsement claim because the plaintiff here has not
 8    sufficiently asserted that there is a likelihood of
 9    consumer confusion as to the origin, approval or
10    endorsement of the product under the *Comins* -- and *Comins*
11    is C-O-M-I-N-S *versus Discovery Communication* case.
12                 And I think that a false endorsement claim
13    can be viable even if the parties are not competitors
14    under the *Holland versus Psychological Assessment* case.
15                 But what we have here is a failure to, I
16    think, sufficiently set forth a likelihood of confusion as
17    it is required in the Fourth Circuit under the *Synergistic*
18    case.  And *Synergistic* is spelled S-Y-N-E-G-I-S-T-I-C
19    case, Fourth Circuit, 2006.
20                 Focusing on the seventh factor which is
21    actual confusion, while the plaintiff sets forth
22    background about the information on the Internet, Google
23    Search Engine being based on keyword "advertising", I do
24    not think that they sufficiently set forth a showing that
25    would demonstrate confusion by web users or confusion by
```

1  web users that would allow web users to think that
2  sponsored link means that Rosetta Stone somehow endorses
3  the link.
4  I think that it has -- sponsored links means
5  arguably paid ads, not necessarily ads paid by or approved
6  or endorsed by Rosetta Stone. And obviously, I give
7  Rosetta Stone a chance to revisit if they want to replead
8  that. But I'm going to grant the motion as it relates to
9  the false endorsement claim.
10  As it relates to the issue of whether the
11  conspiracy claim is encompassed in the immunity afforded
12  by the Communications Decency Act, depending upon the
13  status of Google, I think that Google is an interactive
14  computer service provider. And there's no indication here
15  that Google creates the contents of the ads.
16  I understand the theory about the banners
17  and the headings. And I think my Neiman Ford -- Neiman
18  Chevrolet case address something about the banners and
19  headings. But in any event, I do not think that is
20  sufficient to plead that Google would fall outside the
21  Communications Decency Act's immunity.
22  Rosetta Stone has cited to the *Fair Housing*
23  *Council of San Fernando Valley* case, and I think that that
24  case is distinguishable in about three ways.
25  First, the Roommates.com requires an

1  interested member to complete a questionnaire.  Second,
2  Roommates.com sends out e-mails containing member's
3  profile to other members; and third, information provided
4  by Roommates.com members in a comment box are displayed
5  for others to view.
6          In that case, the Court found that
7  Roommates.com is an information content provider because
8  as to the contents of the questionnaire and the e-mail
9  distribution, its content ads formulated by Roommates.
10         Here, Google is displaying its sponsored
11 links based upon the web user query.  And a web user has
12 to decide to use Google.  It's open.  It's the marketplace
13 on the web.  It's not the only game in town.  Obviously
14 there is Yahoo and Bing, B-I-N-G and others.
15         So, the displaying of a formatted
16 advertising is passive.  It's not the same as sending out
17 e-mails and soliciting private information which is shared
18 with others.  And similarly the *800-JR Cigar* case is
19 distinguishable in at least two ways.
20         First the Court did not determine whether
21 the defendant's conduct made it an information content
22 provider.  Rather it found that the defendant does not
23 qualify as an interactive computer service provider.
24         And second, the Court held that immunity was
25 inapplicable because the alleged fraud is use of the

1  plaintiff's trademark in the advertiser's bidding process,
2  not necessarily adds information from the third party that
3  may appear on the search results page.
4       So, seems to me that Rosetta Stone's claims
5  turn on the Google's relationship with other paid
6  advertisers regarding the use of Rosetta Stone's marks.
7       And since the purpose of the CDA is not to
8  shield parties from fraud or abuse, arise from their own
9  pay for priority advertisement but from the actions of
10 third parties, it is applicable for this case.
11      For those reasons, I'm going to grant the
12 motion to dismiss as it relates to Count VIII.
13      Thank you for the quality of your
14 preparation and your patience.
15      We're in recess.
16      (Proceedings concluded at 1:11 p.m.)

| | |
|---|---|
| 1 | CERTIFICATE OF REPORTER |
| 2 | |
| 3 | I, Renecia Wilson, an official court reporter |
| 4 | for the United State District Court of Virginia, |
| 5 | Alexandria Division, do hereby certify that I reported by |
| 6 | machine shorthand, in my official capacity, the |
| 7 | proceedings had upon the motions in the case of Rosetta |
| 8 | Stone, LTD vs. Google, Inc. |
| 9 | I further certify that I was authorized and |
| 10 | did report by stenotype the proceedings and evidence in |
| 11 | said motions, and that the foregoing pages, numbered 1 to |
| 12 | 31, inclusive, constitute the official transcript of said |
| 13 | proceedings as taken from my shorthand notes. |
| 14 | IN WITNESS WHEREOF, I have hereto subscribed |
| 15 | my name this 25th day of September , 2009. |
| 16 | |
| 17 | /s/ |
| 18 | Renecia Wilson, RMR, CRR<br>Official Court Reporter |