QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret M. Caruso (Bar No. 243473)
  Cheryl Galvin (Bar No. 252262)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Google Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Daniel Jurin, an Individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>Google Inc.,<br><br>   Defendant. | CASE NO. 2:09-cv-03065-MCE-KJM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>DEMAND FOR JURY TRIAL |

Defendant Google Inc. ("Google"), through its counsel, answers the Complaint of Daniel Jurin (Jurin) as set forth below. Unless specifically admitted, Google denies each of the allegations of Jurin's Complaint.

**JURISDICTION AND VENUE**

1. Google admits that Jurin attempts to assert claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and California law. Google denies the substance of all alleged claims.

2. Google admits that this Court has federal question jurisdiction over Jurin's Lanham Act claims and supplementary jurisdiction over Jurin's California statutory and common law claims.

3. For purposes of this action, Google does not contest that venue in the Eastern District of California is proper.

**PARTIES**

4. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4, and therefore denies the same.

5. Google admits that it is a corporation organized under the laws of the State of Delaware with its corporate offices located at 1600 Amphitheatre Parkway, Mountain View, California. Google admits that it operates internationally and that it has been recognized as the leading search engine on the Internet. Google lacks knowledge or information sufficient to form a belief as to its share of the market for search traffic, and therefore denies the same. Google denies the remaining allegations of Paragraph 5.

6. The allegations of Paragraph 6 are nonsensical on the grounds that Google Inc. is the sole defendant in this action and on that ground, Google denies the allegations of Paragraph 6.

**INTRODUCTION**

7. Google denies that it engaged in unauthorized use and exploitation of Plaintiff's trademarks, and, to the extent Paragraph 7 can be read to allege that Google commercially exploits registered trademarks not owned by or licensed to Google, denies the same. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7, and therefore denies the same.

8. Google admits that it provides search results to individuals in response to search queries. Google also admits that it offers a program called AdWords through which it offers advertising space, in which advertisers can bid on the opportunity to have their advertisements display. Google denies the remaining allegations of Paragraph 8.

9. Google admits that one way some Internet users find websites on the Internet is by using search engines like Google, Yahoo, or Bing. Google denies the remaining allegations of Paragraph 9.

10. Google admits that some websites allow potential customers to obtain information regarding products, goods, or services offered for sale. Google denies the remaining allegations of Paragraph 10.

11. Google admits that it indexes some websites on the Internet to gather data for use in determining relevant search results. Google admits that it ranks search results based on an algorithm and displays those search results on results pages in response to queries input by users of its search engine. Google denies the remaining allegations of Paragraph 11.

12. Google admits that organic search results and pay per click advertising are two means by which traffic can be generated for a website. Google admits that its Keyword Tool provides certain information about keywords. Google denies the allegations of the first sentence of Paragraph 12. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and therefore denies the same.

13. Google admits that one way to create a website is to use HTML, JavaScript, and CSS and that a website creator can choose to build the content of the site around a keyword. Google admits that the rank of a website in Google's search results is based on an algorithm. Google denies the remaining allegations of Paragraph 13.

14. Google denies the first two sentences of Paragraph 14 on the grounds that they are unintelligible. Google admits that its AdWords Program offers pay per click advertising, but denies that it functions as described in Paragraph 14 and denies the remaining allegations of Paragraph 14.

15. Google admits that it offers an advertising program called AdWords. Google denies the remaining allegations of Paragraph 15.

16. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies the same.

17. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and therefore denies the same.

18. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies the same.

19. Google denies the allegations of Paragraph 19.

20. Google admits that it may have crawled Plaintiff's website for purposes of indexing Plaintiff's website in organic search results, but denies the remaining allegations of Paragraph 20.

1    21.    Google denies the allegations of Paragraph 21.

2    22.    Google denies the allegations of Paragraph 22.

3    23.    Google denies the allegations of Paragraph 23.

4    24.    Google denies the allegations of Paragraph 24.

5    25.    Google denies the allegations of Paragraph 25.

6    26.    Google lacks knowledge or information sufficient to form a belief as to the reason Plaintiff brought this lawsuit, and therefore denies the same. Google denies the remaining allegations of Paragraph 26.

27.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and therefore denies the same.

28.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, and therefore denies the same.

29.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29, and therefore denies the same, but Google denies the implication that a trademark owner has "exclusive control" over the use of a word.

30.    Google admits the first two sentences of Paragraph 30. Google denies the remaining allegations of Paragraph 30.

31.    Google denies the allegations of Paragraph 31.

32.    Google admits the first sentence of Paragraph 32. Google denies the remaining allegations of Paragraph 32.

33.    Google admits that the sites listed in the organic search results are ranked in order of what Google deems to be most relevant based on its algorithm, but denies the remaining allegations of Paragraph 33.

34.    Google denies the allegations of Paragraph 34.

35.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35, and therefore denies the same.

36.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of Paragraph 36, and therefore denies the same.

1  Google admits that it has never licensed or otherwise received a grant of any rights in Plaintiff's
2  marks, but Google denies the implication that it needs Plaintiff's permission, authority, or license
3  in connection with the operation of the AdWords Program or Google's organic search listings.
4  Google denies the remaining allegations of Paragraph 36.

37. Google denies the allegations of Paragraph 37.

38. Google denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 38 and on that basis denies the same. Google denies the remaining allegations of Paragraph 38.

39. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore denies the same.

40. Google admits that its AdWords program offers advertising that is advantageous to the consumer. Google denies the remaining allegations of Paragraph 40.

41. Google denies the allegations of Paragraph 41.

42. Google denies the allegations of Paragraph 42.

43. Google denies the allegations of Paragraph 43.

44. Google denies the allegations of Paragraph 44.

45. Google denies the allegations of Paragraph 45.

46. Google denies the allegations of Paragraph 46.

47. Google denies the allegations of Paragraph 47.

48. Google admits that Sponsored Links are conspicuously labeled as such, but denies the remaining allegations of Paragraph 48.

49. Google denies the allegations of Paragraph 49.

50. Google denies the allegations of Paragraph 50.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114(1)**

51. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

52. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52, and therefore denies the same.

53. Google denies the allegations of Paragraph 53.

54. Paragraph 54 is unintelligible as an allegation as it lacks a verb, and on that ground, Google denies the same.

55. Google denies the allegations of Paragraph 55.

56. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56, and therefore denies the same.

57. Google denies the allegations of Paragraph 57.

58. Google denies the allegations of Paragraph 58.

59. Google denies the allegations of Paragraph 59.

60. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60, and therefore denies the same.

61. Google denies the allegations of Paragraph 61.

62. Google denies the allegations of Paragraph 62.

63. Google denies the allegations of Paragraph 63.

64. Google denies the allegations of Paragraph 64.

65. Google denies the allegations of Paragraph 65.

66. Google denies the allegations of Paragraph 66.

67. Google denies the allegations of Paragraph 67.

68. Google denies the allegations of Paragraph 68.

69. Google denies the allegations of Paragraph 69.

70. Google denies the allegations of Paragraph 70.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

71-76. Because this claim has been dismissed pursuant to the Court's order dated February 26, 2010, Google does not respond to the allegations of Paragraphs 71-76. To the extent a response is required, Google denies the allegations of these paragraphs.

## THIRD CLAIM FOR RELIEF
## DILUTION OF PLAINTIFF'S TRADEMARK – 15 U.S.C. § 1125(c)

77. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

78. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78, and therefore denies the same.

79. Google denies the allegations of Paragraph 79.

80. Google denies the allegations of Paragraph 80.

81. Google denies the allegations of Paragraph 81.

82. Google denies the allegations of Paragraph 82.

83. Google denies the allegations of Paragraph 83.

84. Google denies the allegations of Paragraph 84.

85. Google denies the allegations of Paragraph 85.

86. Google denies the allegations of Paragraph 86.

87. Google denies the allegations of Paragraph 87.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK VIOLATION

88. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

89. Google denies the allegations of Paragraph 89.

90. Google denies the allegations of Paragraph 90.

91. Google denies the allegations of Paragraph 91.

92. Google denies the allegations of Paragraph 92.

93. Google denies the allegations of Paragraph 93.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE

94-107. Because this claim has been dismissed pursuant to the Court's order dated February 26, 2010, Google does not respond to the allegations of Paragraphs 94-107. To the extent a response is required, Google denies the allegations of these paragraphs.

**SIXTH CLAIM FOR RELIEF**
**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE**

108-116. Because this claim has been dismissed pursuant to the Court's order dated February 26, 2010, Google does not respond to the allegations of Paragraphs 108-116. To the extent a response is required, Google denies the allegations of these paragraphs.

**SEVENTH CLAIM FOR RELIEF**
**FRAUD AND DECEIT**

117-121. Because this claim has been dismissed pursuant to the Court's order dated February 26, 2010, Google does not respond to the allegations of Paragraphs 117-121. To the extent a response is required, Google denies the allegations of these paragraphs.

**EIGHTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR COMPETITION AND BUSINESS PRACTICES**

122. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

123. Google denies the allegations of Paragraph 123.

124. Google denies the allegations of Paragraph 124.

125. Google denies the allegations of Paragraph 125.

126. Google denies the allegations of Paragraph 126.

127. Google admits that it did not obtain authorization or consent from Plaintiff to use Plaintiff's marks, but Google denies the implication that it needs Plaintiff's authorization or consent. Google denies the remaining allegations of Paragraph 127.

128. Google denies the allegations of Paragraph 128.

129. Google denies the allegations of Paragraph 129.

**NINTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

130-132. Because this claim has been dismissed pursuant to the Court's order dated February 26, 2010, Google does not respond to the allegations of Paragraphs 130-132. To the extent a response is required, Google denies the allegations of these paragraphs.

-8-    Case No. :09-cv-03065-MCE-KJM
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Google denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

133. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Fair Use)

134. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

### THIRD AFFIRMATIVE DEFENSE
#### (First Sale Doctrine)

135. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

### FOURTH AFFIRMATIVE DEFENSE
#### (Functionality)

136. The claims made in the Complaint are barred, in whole or in part, on the basis that the mark and any use of the mark at issue are functional.

### FIFTH AFFIRMATIVE DEFENSE
#### (Innocent Infringement)

137. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

138. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

139. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Google's actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Generic Terms)

140. The claims made in the Complaint are barred, in whole or in part, on the basis that the mark at issue is generic.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

141. The claims made in the Complaint are barred, in whole or in part, on the basis that the mark at issue lacks secondary meaning.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

142. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

143. Defendant has not infringed any applicable trademarks under federal or state law.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

144. Plaintiff's claims against Google are barred because Plaintiff's damages, if any, were not caused by Google.

| | |
|---|---|
| 1 | **THIRTEENTH AFFIRMATIVE DEFENSE** |
| 2 | **(No Damage)** |

145. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

146. Plaintiff's claims are barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Irreparable Harm)**

147. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Google's actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

148. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

149. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

150. The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

151. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Google or others for any alleged single wrong.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fraud)

152. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third-Party Use)

153. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Actions of Others)

154. The claims made in the Complaint are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

155. Google alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary

damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**ADDITIONAL DEFENSES**

156. Google reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Google prays for judgment as follows:

1. That Jurin takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That Google be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

DATED: March 15, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/
Margret M. Caruso
Attorney for Google Inc.

**DEMAND FOR JURY TRIAL**

Google hereby demands a jury trial on all issues.

DATED: March 15, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/
Margret M. Caruso
Attorney for Google Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Paul R. Bartleson
>Law Offices of Paul R. Bartleson
>1007 7th Street, Suite 214
>Sacramento, CA 95814
>Telephone: (916) 447-6640
>Facsimile: (916) 447-7840
>paulbartlesonlaw@comcast.net
>*Counsel for Plaintiff Daniel Jurin.*

By /s/
Margret M. Caruso
Attorney for Google Inc.