1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Margret M. Caruso (Bar No. 243473)
2    margretcaruso@quinnemanuel.com
    Cheryl Galvin (Bar No. 252262)
3    cherylgalvin@quinnemanuel.com
    Eman Sojoodi (Bar No. 261293)
4    emansojoodi@quinnemanuel.com
   555 Twin Dolphin Drive, Fifth Floor
5  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
6  Facsimile:     (650) 801-5100

7  Attorneys for Defendant

9                       UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

12  DANIEL JURIN, an Individual,  | CASE NO. 2:09-cv-03065-MCE-KJM

13              Plaintiff,  | **GOOGLE INC.'S NOTICE OF MOTION, MOTION TO DISMISS JURIN'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

14       vs.

15  GOOGLE INC.,

16              Defendant.  | Date:   June 24, 2010
                            | Time:   2 p.m.
17                          | Judge:  Morrison C. England, Jr.

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 24, 2010, at 2 p.m. in Courtroom 7 of the United States District Court for the Eastern District of California, Sacramento Division, located at 501 I Street, Suite 4-200, Sacramento, CA, 95814, defendant Google Inc. ("Google") will and hereby does move for an order dismissing the First Amended Complaint of Daniel Jurin ("Jurin").

The Second Claim of the Action alleging False Designation of Origin under the Lanham Act should be dismissed because Jurin has still not, and cannot, allege confusion between his and Google's goods and services.  Also, to the extent that the Second Claim of the Action alleges a claim under the false advertising provisions of the Lanham Act, the claim remains barred on the grounds that Google is not Jurin's business competitor.  Further, the Court should dismiss the Sixth Claim of the Action because Jurin has failed to plead facts sufficient to state a legal claim for breach of contract.

This motion to dismiss with prejudice is based upon the accompanying memorandum of points and authorities, all judicially noticeable facts, as well as the pleadings, records and files in this action.

DATED:  April 4, 2010                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/Margret M. Caruso
                                        Margret M. Caruso
                                        Attorneys for Defendant Google Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

INTRODUCTION AND RELEVANT BACKGROUND FACTS ................................................. 1

ARGUMENT .................................................................................................................................. 1

I.      COUNT II STILL FAILS AS A MATTER OF LAW. ......................................................... 1

II.     COUNT VI FAILS AS A MATTER OF LAW. .................................................................. 2

CONCLUSION ............................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page**

### Cases

*In re Estate of Thottam,*
    165 Cal. App. 4th 1331 (2008) .................................................................................................3

*First Commerical Mortgage Co. v. Reece,*
    89 Cal. App. 4th 731 (2001) .....................................................................................................2

*FPO Dev., Inc. v. Nakashima*,
    231 Cal.App.3d 367 (1992) ......................................................................................................2

*Gulf Ins. Co. v. Hi-Voltage Wire Works, Inc.,*
    388 F. Supp. 2d 1134 (E.D. Cal. 2005) ....................................................................................2

*Jurin v. Google Inc.*,
    Civ.No. 2:09-cv-03065-MCE-KJM, March 1, 2010 ............................................................1, 2

*Lortz v. Connel,*
    273 Cal. App. 2d 286 (1969) ....................................................................................................2

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ....................................................................................................3

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ....................................................................................................4

*Scottsdale Ins. Co. v. Essex Ins. Co.*,
    98 Cal. App. 4th 86 (2002) .......................................................................................................3

*Somera v. Indymac Federal Bank, FSB*,
    2010 WL 761221 (E.D. Cal. 2010) ..........................................................................................4

*Stamas v. County of Madera*,
    2009 WL 2513470 (E.D. Cal. 2009) ........................................................................................3

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ....................................................................................................4

*Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*,
    2008 WL 2693741 (E.D. Cal. 2008) ........................................................................................2

### Statutes

15 U.S.C. § 1125(a) ...........................................................................................................................2

Cal. Civ. Code §§ 1550, 1565 ...........................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND RELEVANT BACKGROUND FACTS

This Court previously held that Jurin failed to plead a false designation of origin claim because Google has "in no way directly represented that it is a producer of the Styrotrim product." *See* Memorandum and Order at 8, *Jurin v. Google Inc.*, Civ.No. 2:09-cv-03065-MCE-KJM (Docket No. 19), March 1, 2010.  Further, this Court held that Jurin failed to sustain a claim for false advertising because Google and Jurin are not direct competitors.  *Id.* at 9.  In his Amended Complaint, filed on March 21, 2010, Jurin still fails to allege that Google represents itself as the producer of Styrotrim or that Jurin and Google are competitors.  Because Jurin cannot maintain such claims, even though given the opportunity to amend his original Complaint, these counts should be dismissed with prejudice.

Jurin's new Count VI for breach of contract is also fatally deficient.  Despite Jurin's allegations that he has a contractual relationship with Google, (Amended Complaint ¶ 29), he fails to set out the terms of the contract or attach any relevant contract to the Complaint.  In addition, Jurin has failed to demonstrate any promise by Google to provide the purported benefit that Jurin claims he is entitled to or consideration by Jurin.  Further, even if Google's AdWords Trademark Policy were a valid contract between Google and Jurin, he has failed to allege how Google has breached any purported obligation under that policy.

## ARGUMENT

### I.  COUNT II STILL FAILS AS A MATTER OF LAW.

Count II of the Amended Complaint purports to state a claim for false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a).  (Amended Complaint ¶¶ 77-86).  Both theories fail as a matter of law.  A violation of 15 U.S.C. § 1125(a)(1)(A) for false designation of origin applies only to confusion of affiliation, connection, or association between the goods or services of the plaintiff and the defendant.  As this Court recognized in dismissing Jurin's original Complaint, "a violation of this section occurs when a producer misrepresents his own goods or services as someone else's, or, conversely when he represents someone else's goods and services as his own."  *See* Memorandum and Order at 7, *Jurin v. Google Inc.*, Civ.No. 2:09-cv-03065-

1  MCE-KJM (Docket No. 19), March 1, 2010.  But, as the Court held, "Defendant has in no way
2  directly represented that it is the producer of the Styrotrim product."  *Id.* at 8.  In addition,
3  "[w]ithout a showing of direct competition [between the parties], Plaintiff fails to sustain a claim
4  for false advertising under the Lanham Act."  *Id.* at 9.

5  Jurin's new allegations fail to address the deficiencies of his original Complaint.  He still
6  does not allege that Google misrepresents *itself* as a producer of Styrotrim or engages in any other
7  actionable deceptive practice.  (*See* Amended Complaint ¶¶ 77- 86) (referring to potential
8  consumer confusion that "Plaintiff's competitor's websites may be affiliated with, connected to, or
9  approved or sponsored by Plaintiff" and "competitors of STYROTRIM in the building industry").
10 In addition, while Jurin's Amended Complaint references his competitors, he fails to allege that
11 Google is one of them.  (*See, e.g.,* ¶ 85 "GOOGLE's publishing of the "Sponsored Links" in
12 response to a search by an user using the trademark "Styrotrim" as one or more of the search terms
13 constitutes a false designation of origin, affiliation, connection or association *of such competitor*
14 *with Plaintiff*, or a false description of origin, sponsorship or approval of the goods or services or
15 activities of such competitor by Plaintiff." (emphasis added*.*))  Thus, Jurin's Amended Complaint
16 does not state a claim under 15 U.S.C. 1125.

17 **II.    COUNT VI FAILS AS A MATTER OF LAW.**

18 Jurin's new, purported breach of contract claim must be dismissed because Jurin fails to
19 allege the existence of a valid contract—much less one Google breached.

20 The essential elements of a breach of contract are (1) the existence of the contract;
21 (2) plaintiff's performance of the contract or excuse of non-performance; (3) defendant's breach of
22 the contract; and (4) damages.  *Gulf Ins. Co. v. Hi-Voltage Wire Works, Inc.*, 388 F.Supp.2d 1134,
23 1136 (E.D. Cal. 2005) (citing *First Commerical Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745
24 (2001); *Lortz v. Connel*, 273 Cal.App.2d 286, 290 (1969)).

25 Jurin alleges that he has a contractual relationship with Google.  (Amended Complaint
26 ¶ 29).  However, he fails to allege "its terms which establish the obligation at issue."  *Winner*
27 *Chevrolet, Inc. v. Universal Underwriters Ins. Co.*, 2008 WL 2693741, at *4 (E.D. Cal. 2008)
28 (internal quotations and alterations omitted) (citing *FPO Dev., Inc. v. Nakashima*, 231 Cal.App.3d

367, 382 (1992)).[1]  Indeed, Jurin does not allege that Google breached that contract.  Instead, he goes on to selectively quote from Google's AdWords Trademark Policy, available from Google's website.  *See* First Amended Complaint ¶¶ 30-32, Exhibit A.  Jurin then alleges that Google "failed to investigate the unauthorized use and further continues to allow third parties to utilize the keyword in connection with their AdWords advertisement."  Jurin's breach of contract "claim" thus alleges that Google "breached [its] contract with plaintiff by violating the AdWords policy . . . ."  (*Id.* at ¶¶ 109, 30-32).  This is insufficient to state a claim for breach of contract.

Google's published trademark policy is not a contract.  "The formation of a binding contract requires: (1) parties capable of contracting; (2) mutual assent; (3) a lawful object; and (4) sufficient consideration."  *Stamas v. County of Madera*, 2009 WL 2513470, at *13 (E.D. Cal. 2009) (citing Cal. Civ. Code §§ 1550, 1565).  Jurin's Amended Complaint fails to allege any promise he exchanged with Google that could represent consideration for Google's performance under its trademark policy.  *See Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal.App.4th 86, 94 (2002) ("In order for a contract to be valid, the parties must exchange promises that represent legal obligations.").  Nor does the Amended Complaint allege any facts identifying Jurin's assent to be bound by any promise it (theoretically) made in connection with Google's trademark policy.  *See In re Estate of Thottam*, 165 Cal.App.4th 1331, 1340 (2008) ("If there is no evidence establishing a manifestation of assent to the same thing by both parties, then there is no mutual consent to contract, and no contract formation") (internal quotations and citations omitted).

Even if Google's trademark policy were a valid contract between Jurin and Google, Google did not violate, nor "breach," that policy.  Jurin alleges: "After demand and complaint by plaintiff, defendant failed to remove the trademarked term from its keyword database, made no investigation, and continued to permit advertising competitors of plaintiff to use the trademarked keyword."  (Amended Complaint ¶ 110.)  Accepting that allegation as true for purpose of this

---

[1]  While facts in the Complaint must be accepted as true for purposes of a motion to dismiss, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  *E.g. McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

1  motion, such actions were consistent with Google's trademark policy.  Google's trademark policy
2  provides that "[d]epending on the regions in which you have trademark rights, we may investigate
3  the use of trademarks in ad text only or in ad text and keywords."[2]  *See* Declaration of Eman
4  Sojoodi, Ex. A, Relevant portion of Google's AdWords Trademark Policies in Sponsored Links.
5  It then explains, in bold text, that it will not disable trademark keywords in response to trademark
6  complaints.  *Id.*  Pursuant to Google's United States trademark policy, Google will only
7  investigate trademarks in ad text—not keywords.  *Id.*  Thus, Google's alleged non-action
8  regarding Jurin's keyword complaint in no way inconsistent with its U.S. policy.  *Id.*

## CONCLUSION

10     For the foregoing reasons, the Court should dismiss Counts II and VI of the Amended
11  Complaint with prejudice.

12  DATED:  April 4, 2010                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
13

14
                                   By /s/Margret M. Caruso
15                                    Margret M. Caruso
                                      Attorneys for Defendant Google Inc.
16

---

[2] A document may be incorporated by reference into a complaint if a plaintiff refers to the document extensively and the defendant may proffer the entire document at the 12(b)(6) stage when plaintiff has omitted portions of the document upon which his claims are based.  *See Somera v. Indymac Federal Bank, FSB*, 2010 WL 761221, at *3 (E.D. Cal. 2010) (citing *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on April 4, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

          /s/ Margret M. Caruso
          Margret M. Caruso