QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Cheryl Galvin (Bar No. 252262)
cherylgalvin@quinnemanuel.com
Eman Sojoodi (Bar No. 261293)
emansojoodi@quinnemanuel.com
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL JURIN, an Individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>GOOGLE INC.,<br><br>            Defendant. | CASE NO. 2:09-cv-03065-MCE-KJM<br><br>**GOOGLE INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS JURIN'S FIRST AMENDED COMPLAINT**<br><br>Date:    June 24, 2010<br>Time:   2 p.m.<br>Judge:  Morrison C. England, Jr. |

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.    COUNT II STILL FAILS AS A MATTER OF LAW. ........................................................ 1

II.    COUNT VI FAILS AS A MATTER OF LAW. ................................................................. 2

CONCLUSION ............................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page**

### Cases

*Bernhardt v. County of Los Angeles*,
   279 F.3d 862 (9th Cir. 2002)..................................................................................................1

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) ..................................................................................................................1

*Jurin v. Google Inc.*,
   Civ. No. 2:09-cv-03065-MCE-KJM (Docket No. 19) ...............................................................1

*Rescuecom Corp. v. Google Inc.*,
   562 F.3d 123 (2d Cir. 2009).....................................................................................................2

*Rosetta Stone v. Google Inc.*,
   Civ. No. 1:09cv736 (E.D. Va. 2009).........................................................................................2

### Statutes

15 U.S.C. § 1125(a)............................................................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This Court should dismiss Counts II and VI of plaintiff Daniel Jurin's ("Jurin") First Amended Complaint. In his Opposition, Jurin fails to address or overcome the shortcomings of his pleadings. Instead, he begins his brief with an irrelevant and improper introduction that states numerous facts with no references to the Amended Complaint. Many of the stated "facts" are not pled in the Amended Complaint, and are therefore not properly considered on a motion to dismiss. *See*, *e.g.*, *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002). Jurin is unable to support his Second Cause of Action for false designation of origin or false advertising under Section 43(a) of the Lanham Act or his Sixth Cause of Action for breach of contract. Given Jurin's prior attempts to plead viable claims, his failure to plead facts sufficient to support such claims, and his demonstrated inability to identify facts that if alleged on re-amendment would support such claims, these two causes of actions should be dismissed with prejudice.

**ARGUMENT**

**I.     COUNT II STILL FAILS AS A MATTER OF LAW.**

As this Court previously explained to Jurin, the 15 U.S.C. § 1125(a) claim can only survive the pleading stage if Jurin alleges either (i) under a false designation of origin theory, that Google misrepresents that it is "the producer of the tangible product sold in the marketplace," or (ii) under a false advertising theory, that Google is a direct competitor of Jurin's—i.e., that it "directly sell[s], produce[s], or otherwise compete[s] in the building materials market." Memorandum and Order at 7, *Jurin v. Google Inc.*, Civ. No. 2:09-cv-03065-MCE-KJM (Docket No. 19), March 1, 2010 (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003)). Jurin's Amended Complaint does neither, and his Opposition does not attempt to remedy that deficiency. Indeed, he concedes that Google "is not in the building materials business." Opp. at 6. Yet Jurin characterizes this fundamental legal requirement as "irrelevant" and asserts that it "misses the point." Opp. at 6, 7. Jurin wants to rewrite the Court's March 1, 2010 opinion—and the Lanham Act—to create a claim whenever the parties "compete for use of the trademark." Opp. at 7. Essentially, he seeks to collapse the competitive injury element with the use in

commerce element.  Unsurprisingly, he cites no precedent for this novel interpretation of the law.[1] And Google is aware of none.  The Second Circuit determination in *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2d Cir. 2009) addresses *only* the "use in commerce" element of the claim, which Google does not dispute here.  *Rescuecom* neither addressed nor opined on the issue of competition nor the fact that the confusion must be between the goods of the plaintiff and the *defendant*.  *Rescuecom* is therefore irrelevant to Google's motion.  Based on the Court's prior analysis, Count II should again be dismissed.

## II.  COUNT VI FAILS AS A MATTER OF LAW.

Jurin's Opposition does not address—and seems to miss—the fundamental point of Google's motion to dismiss the breach of contract claim: Google's trademark policy expressly states that in the United States, like numerous other countries, Google "will investigate ad text only. **We will not disable keywords in response to a trademark complaint.**"  *See* Exhibit A to April 4, 2010 Declaration of Eman Sojoodi (Docket No. 22).   Even if Google's published trademark policy constituted a binding contract with Jurin, he has not alleged any facts that, if true, would constitute a breach of Google's policy.  The "flat contradiction" on which Jurin rests his entire argument, Opp. at 8, is a misreading of the plain language of Google's policy.  There is nothing contradictory in Google investigating uses of trademarks in the *text* of ads that violates Google's trademark policies (such as a hypothetical competitor's ad claiming to be "the creator of STYROTRIM") and not investigating or disabling the use of STYROTRIM as a keyword to trigger a competitor's ads that do not mention STYROTRIM.[2]   Jurin has offered no justification for the Court to revise the plain language of Google's trademark policy or sustain his claim that Google breached that policy.

---

[1] Even if it were sufficient to state a claim that Google "compete[s] for use of the trademarked keyword STYROTRIM," Opp. at 7, Jurin does not so allege and could not.  Google does not bid on the keyword STYROTRIM.

[2] Notably, after Google filed its Opening Brief in this action, the Eastern District of Virginia held that Google is not in violation of the Lanham Act, either directly, vicariously or contributorily, by not investigating or stopping the use of trademarks as keywords.  *See* Declaration of Margret M. Caruso, Ex. A, Order in *Rosetta Stone v. Google Inc.*, Civ. No. 1:09cv736 (E.D. Va. 2009) (granting Google's motion for summary judgment on all claims).

## CONCLUSION

For the foregoing reasons and those stated in Google's Opening Brief, the Court should dismiss Counts II and VI of the Amended Complaint with prejudice.

DATED: June 17, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Margret M. Caruso
Margret M. Caruso
Attorneys for Defendant Google Inc.

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on June 17, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

                                                /s/ Margret M. Caruso
                                                Margret M. Caruso