UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


DANIEL JURIN,                           No. 2:09-cv-03065-MCE-KJM

          Plaintiff,

     v.                                 <u>MEMORANDUM AND ORDER</u>

GOOGLE INC.,

          Defendant.

                         ----oo0oo----

     Through this action Plaintiff Daniel Jurin ("Plaintiff")
alleges violation of state and federal laws arising out of the
use of the trademarked name "Styrotrim" as a suggested keyword in
the "AdWords" program operated by Defendant Google, Inc.
("Defendant").  Presently before the Court is a Motion by
Defendant to Dismiss Plaintiff's Second and Sixth Claims for
Relief for failure to state a claim upon which relief may be
granted pursuant to Federal Rule of Civil Procedure 12(b)(6).
For the reasons set forth below, Defendant's Motion is granted.[1]

---

[1] Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
argument.  Local Rule 230(g).

1

**BACKGROUND**[2]

2

3     Defendant is an internet search engine provider.  This

4 dispute is based on Plaintiff challenging the lawfulness of

5 Defendant's Keyword Suggestion tool in its for-profit "Google

6 AdWords" program.

7

8     **A.     Background on Search Engines**

9

10     In operating its search engine, Defendant "indexes"

11 websites, collecting information on their contents for use in

12 formulas which respond to search queries.  Generally, when a user

13 enters a query into Defendant's website, the search engine will

14 process relevant sites and then return results to the user.

15     Businesses routinely use this process to influence their

16 website's ranking on a results page.  Prior to building a

17 website, businesses will often utilize various available keyword

18 tools to determine what keywords internet users are most commonly

19 searching for.  A business will then build its site around more

20 popular search terms in order to ensure a higher rank on a search

21 engine results page.

22     Alternatively, a business may "bid" on keywords.  "Bidding"

23 allows businesses to pay search engines a fee as a bid on

24 selected keywords in an effort to appear on a results page as a

25 "Sponsored Link".

26 ///

27

28     [2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

The higher the bid, the higher the "Sponsored Link" placement when bid-upon keywords are searched for.  "Sponsored links" appear either at the top or along the side of a search engine results page.

Defendant allows advertisers to bid on keywords in a program called "Google AdWords".  In addition to allowing advertisers select their own keywords, the program offers a "Keyword Suggestion Tool" which suggests popular search terms to advertisers for bidding.

**B.   Plaintiff's Suit**

Plaintiff holds the trademark for a building material known as "Styrotrim."  He markets and sells his product to homeowners, contractors, and those in the construction and remodeling industries.

Defendant's AdWords program picked up the trademark name "Styrotrim" as a commonly searched term.  It thereafter suggested it to bidders in its "Keyword Suggestion Tool" in the AdWords program.  Defendant thus enabled Plaintiff's competitors to bid on the keyword "Styrotrim" and subsequently appear as a "Sponsored Link" on a results page whenever the term "Styrotrim" was searched for.

Plaintiff alleges that Defendant, through its AdWords program, misappropriated Plaintiff's trademark for its own use, generated advertising revenue from Plaintiff's competitors, and facilitated Plaintiff's competitors in infringing on Plaintiff's trademark.

1  Defendant presently moves to dismiss Plaintiff's Second and
2  Sixth Claim for Relief alleging false designation of origin in
3  violation of the Lanham Act and breach of contract.

4

5  **STANDARD**

6

7  On a motion to dismiss for failure to state a claim under
8  Rule 12(b)(6), all allegations of material fact must be accepted
9  as true and construed in the light most favorable to the
10 nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
11 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and
12 plain statement of the claim showing that the pleader is entitled
13 to relief" in order to "give the defendant fair notice of what
14 the...claim is and the grounds upon which it rests." Bell Atl.
15 Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v.
16 Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a
17 Rule 12(b)(6) motion to dismiss does not need detailed factual
18 allegations, a plaintiff's obligation to provide the "grounds" of
19 his "entitlement to relief" requires more than labels and
20 conclusions, and a formulaic recitation of the elements of a
21 cause of action will not do. Id. at 1964-65 (internal citations
22 and quotations omitted). Factual allegations must be enough to
23 raise a right to relief above the speculative level. Id. at 1965
24 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure
25 § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain
26 something more...than...a statement of facts that merely creates
27 a suspicion [of] a legally cognizable right of action")).
28 ///

4

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  <u>Twombly</u>, 550 U.S. 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Id.</u>  Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  <u>Id.</u> at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///

**ANALYSIS**

**A.    Lanham Act**

Plaintiff's First Amended Complaint alleges that Defendant's use of the term "Styrotrim" in its Keyword Suggestion Tool, and publishing of "Sponsored Links" in response to an online search for "Stryotrim", constitutes false designation of origin and false advertising in violation of the Lanham Act, 15 U.S.C § 1125(a).  Specifically, Plaintiff alleges that "advertising competitors of 'Styrotrim' in the building industry are falsely misled that the keyword Styrotrim is a generic word and not an abstract trademarked term."  Furthermore Plaintiff argues that end users would have a reasonable expectation that the websites on Defendant's search results page are sponsored by or related to Plaintiff, and that said consumers may become "confused, mistaken, misled and/or deceived" that "Sponsored Links" may be affiliated with or approved by Plaintiff.

The Lanham Act was intended to make "actionable the deceptive and misleading use of marks," and "to protect persons engaged in...commerce against unfair competition."  15 U.S.C. § 1127.  Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a) creates a federal remedy against a person who "used in commerce either 'a false designation of origin, or any false description or representation' in connection with 'any goods or services.'"  Daster Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 29 (2003).  However, 15 U.S.C. § 1125(a) "does not have boundless application as a remedy for unfair trade practices."

6

1  Id. (citing Alfred Dunhill, Ltd. v. Interstate Cigar Co., 499

2  F.2d 232, 237 (2d Cir. 1974).  "[B]ecause of its inherently

3  limited wording, § 43(a) can never be a federal 'codification' of

4  the overall law of 'unfair competition,' but can apply only to

5  certain unfair trade practices prohibited by its text."  Id.

6  (internal citations omitted).

7       In the context of false designation of origin claims, the

8  Supreme Court has held the use of the word "origin" as referring

9  to a false or misleading suggestion as to "**the producer** of the

10 tangible goods that are offered for sale."  Dastar, 539 U.S. at

11 37 (emphasis added).  Here, despite Plaintiff's many allegations,

12 Plaintiff has failed to allege how Defendant's use of the term

13 "Styrotrim" in its AdWords program, or display of Sponsored Links

14 in response to a internet search for the term "Styrotrim",

15 creates a misleading suggestion as to the producer of the good.

16 Plaintiff's allegations seem to suggest that consumers may become

17 confused as to Plaintiff's affiliation with a Sponsored Link, or

18 that advertisers may become confused as to the trademarked status

19 of the term Styrotrim.  However, even when accepting these

20 possibilities as true, neither scenario addresses confusion

21 regarding the producer of the good such as to warrant a claim for

22 false designation of origin under the Lanham Act.

23      Plaintiff argues that this Court should rely on the Second

24 Circuit's holding in Rescuecom, Inc. v. Google, Inc., 562 F.3d

25 123 (2d Cir. 2009), which ruled in favor of a plaintiff

26 challenging Google's AdWords program as a violation trademark

27 protection under the Lanham Act.

28 ///

However, the decision in <u>Rescuecom</u> relied almost entirely on an analysis of the "use in commerce" prong of the Lanham Act as defined by 15 U.S.C. § 1127.  Such language is not in question here.  Any reference by the court to the "confusion" prong of a false designation of origin claim existed as mere dicta in which the Court reviewed the sufficiency of the allegations of the specific complaint at issue.  As such, the court's ruling in <u>Rescuecom</u> is nonapplicable and nonpersuasive here.

Plaintiff has failed to show how Defendant's program misleads consumers as to the producer of the good Styrotrim. Plaintiff has therefore failed to sufficiently plead a false designation of origin claim.

**B.   False Advertising**

Plaintiff also alleges that Defendant's AdWords program constitutes false advertising in violation of the Lanham Act. Maintenance of a false advertising claim arises under 15 U.S.C. § 1125(a)(1)(B) which requires, "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant."  <u>Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.</u>, 407 F.3d 1027, 1037 (9th Cir. 2005) (holding that while under a "false association claim" parties need not be direct competitors, under a "false advertising" claim they do).

///

///

1     Here, Defendant does not directly sell, produce, or

2  otherwise compete in the building materials market.  Plaintiff

3  argues that Google is a competitor in the sense that it derives

4  its income from third parties who compete for Plaintiff's

5  advertising audience; however, such an argument still does not

6  transform Defendant into a <u>direct</u> competitor.  Defendant is a

7  search engine operator and Plaintiff markets a trademarked

8  building material.  Plaintiff has failed to show how the use of

9  the term "Styrotrim" in Defendant's AdWords program is harmful to

10 Plaintiff's ability to compete specifically with Defendant.

11    Without a showing of direct competition, Plaintiff cannot

12 sustain a claim for false advertising.

13    Accordingly, Defendant's Motion to Dismiss Plaintiff's

14 Second Claim for Relief for violation of the Lanham Act is

15 granted.

16

17    **C.   Breach of Contract**

18

19    Plaintiff's Sixth Claim for Relief alleges breach of

20 contract.  Under California law, to state a claim for breach of

21 contract, Plaintiff must show: 1) the existence of the contract;

22 2) plaintiff's performance or excuse for nonperformance of the

23 contract; 3) defendant's breach of the contract; and 4) resulting

24 damages.  <u>Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.</u>,

25 116 Cal. App. 4th 1375, 1391 n. 6 (2004).

26 ///

27 ///

28 ///

1    Plaintiff alleges that he has a contract with Defendant for

2 his own AdWords account, and therefore parties are bound to abide

3 by the terms of the Google Adwords policy which is incorporated

4 by reference into the Google Adwords terms of service.  Plaintiff

5 states that Defendant was required, by the terms of the AdWords

6 policy, to investigate his complaint of trademark infringement

7 and to remove the trademarked keyword term from its database.  To

8 support his claim, Plaintiff attaches to his First Amended

9 Complaint a copy Defendant's trademark policy webpage as provided

10 on Defendant's web site.

11    However, Plaintiff's own exhibit makes clear that Defendant

12 was not contractually bound to disable keywords in response to a

13 trademark complaint.  Contrary to Plaintiff's allegations,

14 Defendant's policy webpage states, in bold text, that it will not

15 take such action.  (Pl.'s Compl. Ex. A p. 1)  Furthermore,

16 Defendant's policy states that "[d]epending in the regions in

17 which you have trademark rights, [Defendant] may investigate the

18 use of trademarks in ad text only or in ad text and keywords."

19 (Id.)  The United States is noted as a region in which Defendant

20 investigates use in ad text only.  (Id.)  Therefore, by the terms

21 of the Adwords policy, Defendant was not required to investigate

22 Plaintiff's complaint regarding a keyword.

23    Plaintiff has failed to allege conduct constituting breach

24 of an existing contract.  Accordingly, Defendant's Motion to

25 Dismiss Plaintiff's Sixth Claim for Relief for Breach of Contract

26 is granted.

27 ///

28 ///

10

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) Plaintiff's Second and Sixth Claims for Relief is GRANTED with leave to amend.

Plaintiff may file a second amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no second amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: September 7, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11