QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret M. Caruso (Bar No. 243473)
  Cheryl A. Galvin (Bar No. 252262)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Google Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Daniel Jurin, an Individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>Google Inc.,<br><br>                Defendant. | CASE NO. 2:09-cv-03065-MCE-KJN (TEMP)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>DEMAND FOR JURY TRIAL<br><br>Date:     March 1, 2011 |

Defendant Google Inc. ("Google"), through its counsel, answers the Second Amended Complaint of Daniel Jurin ("Jurin") as set forth below.  Unless specifically admitted, Google denies each of the allegations of Jurin's Second Amended Complaint.

**JURISDICTION AND VENUE**

1.    Google admits that Jurin attempts to assert claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and California law.  Google denies the substance of all alleged claims.

2.    Google admits that this Court has federal question jurisdiction over Jurin's Lanham Act claims as pled and supplementary jurisdiction over Jurin's California statutory and common law claims.

3.    For purposes of this action, Google does not contest that venue in the Eastern District of California is proper.

**PARTIES**

4.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4, and therefore denies the same.

5.   Google admits that it is a corporation organized under the laws of the State of Delaware with its corporate offices located at 1600 Amphitheatre Parkway, Mountain View, California.  Google admits that it operates internationally and that it has been recognized as the leading search engine on the Internet.  Google lacks knowledge or information sufficient to form a belief as to its share of the international market for search traffic, and therefore denies the same.  Google denies the remaining allegations of Paragraph 5.

6.   The allegations of Paragraph 6 are unintelligible because Google Inc. is the sole defendant in this action, and on that basis, Google denies the allegations of Paragraph 6.

**INTRODUCTION**

7.   Google denies that it engaged in unauthorized use and exploitation of Plaintiff's trademarks, and, to the extent Paragraph 7 can be read to allege that Google infringes registered trademarks not owned by or licensed to Google, denies the same.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7, and therefore denies the same.

8.   Google admits that it provides search results to individuals in response to search queries.  Google also admits that it offers a program called AdWords through which it offers advertising space, in which advertisers can bid on the opportunity to have their advertisements displayed.  Google denies the remaining allegations of Paragraph 8.

9.   Google admits that one way some Internet users find websites on the Internet is by using search engines like Google, Yahoo!, or Bing.  Google denies the remaining allegations of Paragraph 9.

10.   Google admits that some websites are designed to allow potential customers to obtain information regarding products, goods, or services offered for sale.  Google denies the remaining allegations of Paragraph 10.

1    11.    Google admits that it periodically crawls and indexes certain websites on the
2 Internet to gather data for use in determining relevant search results and stores certain information
3 about those websites.  Google admits that it ranks search results based on an algorithm and
4 displays those search results on results pages in response to queries input by users of its search
5 engine.  Google denies the remaining allegations of Paragraph 11.

6    12.    Google admits that organic search results and pay per click advertising are two
7 means by which traffic can be generated for a website.  Google admits that its Keyword Tool
8 provides certain information about keywords.  Google denies the allegations of the first sentence
9 of Paragraph 12.  Google lacks knowledge or information sufficient to form a belief as to the truth
10 or falsity of the remaining allegations of Paragraph 12, and therefore denies the same.

11    13.    Google admits that one way to create a website is to use HTML, JavaScript, and
12 CSS and that a website creator can choose to build the content of the site around a keyword.
13 Google admits that the rank of a website in Google's search results is based on an algorithm.
14 Google denies the remaining allegations of Paragraph 13.

15    14.    Google denies the first three sentences of Paragraph 14 on the grounds that they are
16 unintelligible.  Google admits that its AdWords Program offers pay-per-click advertising, but
17 denies that it functions as described in Paragraph 14 and denies the remaining allegations of
18 Paragraph 14.

19    15.    Google admits that it offers an advertising program called AdWords.  Google lacks
20 knowledge or information sufficient to form a belief as to its share of the international market for
21 search traffic, and therefore denies the same.  Google denies the remaining allegations of
22 Paragraph 15.

23    16.    Google lacks knowledge or information sufficient to form a belief as to the truth or
24 falsity of the allegations of Paragraph 16, and therefore denies the same.

25    17.    Google lacks knowledge or information sufficient to form a belief as to the truth or
26 falsity of the allegations of Paragraph 17, and therefore denies the same.

27    18.    Google lacks knowledge or information sufficient to form a belief as to the truth or
28 falsity of the allegations of Paragraph 18, and therefore denies the same.

1    19.     Google lacks knowledge or information sufficient to form a belief as to the truth or
2 falsity of the allegations of Paragraph 19 and therefore denies the same.
3    20.     Google admits that it may have crawled Plaintiff's website for purposes of indexing
4 Plaintiff's website in organic search results, but denies the remaining allegations of Paragraph 20.
5    21.     Google lacks knowledge or information sufficient to form a belief as to the truth or
6 falsity of the allegations of the second and third sentences of Paragraph 21, and therefore denies
7 the same.  Google denies the remaining allegations of Paragraph 21.
8    22.     Google denies the allegations of Paragraph 22.
9    23.     Google denies the allegations of Paragraph 23.
10   24.     Google admits that Jurin purports to define the word "Keyword" or "Keywords" in
11 a particular way, but denies the remaining allegations of Paragraph 24.
12   25.     Google denies the first sentences of Paragraph 25 on the grounds that it is
13 unintelligible.  Google denies the remaining allegations of Paragraph 25.
14   26.     Google lacks knowledge or information sufficient to form a belief as to the reason
15 Plaintiff brought this lawsuit, and therefore denies the same.  Google denies the remaining
16 allegations of Paragraph 26.
17   27.     Google lacks knowledge or information sufficient to form a belief as to the truth or
18 falsity of the allegations of Paragraph 27, and therefore denies the same.
19   28.     Google lacks knowledge or information sufficient to form a belief as to the truth or
20 falsity of the allegations of Paragraph 28, and therefore denies the same.
21   29.     Google admits that Jurin has advertised using AdWords and, as such, agreed to the
22 AdWords Terms and Conditions.
23   30.     Google admits that a portion of its AdWords and AdSense trademark policy
24 regarding trademarks is found at
25 http://www.adwords.google.com/support/aw/bin/answer.py?hl=en&answer=6118.  Google denies
26 that all information regarding those policies is reflected at that specific web site address.
27   30a.    Google admits that its policy regarding the scope of investigation of trademarks in
28 AdWords ads can be found at

https://adwords.google.com/support/aw/bin/answer.py?hl=en&answer=144298.  Google denies that all information regarding those policies is reflected at that specific web site address.  Google admits that copies of what appear to be the policy statements on the web sites listed in Paragraphs 30 and 30a are attached to the Second Amended Complaint as Exhibits A and B.

   31. Google admits that the quoted statements are a portion of its AdWords and AdSense trademark policies.

   31a. Google admits that the quoted statements are a portion of its AdWords and AdSense trademark policies.

   31b. Google admits that the quoted statements are a portion of its AdWords and AdSense trademark policies.  Google denies that the quoted language reflects the totality of statements "as far as scope of investigation is concerned."

   31c. Google denies the allegations of Paragraph 31c.

   31d. Google denies the allegations of Paragraph 31d.

   31e. Google admits that it tells advertisers that they are responsible for the keywords they choose to generate advertisements and the text that they choose to use in those advertisements.  Google denies the remaining allegations of Paragraph 31e.

   32. Google admits that Jurin has previously complained about the allegedly "unauthorized use of" Styrotrim and admits that it allows, and does not investigate the use of, trademarks as keywords in the United States.  Google denies the remaining allegations of Paragraph 32.

   33. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, and therefore denies the same.

   34. Google admits that it operates an Internet search engine, offers advertising space on its website, and derives a large portion of its revenue from AdWords.  Google denies the remaining allegations of Paragraph 34.

   35. Google admits that it earns money when a user clicks on an advertisement link and is directed to the linked to website advertised.  Google denies the remaining allegations of Paragraph 35.

1  36. Google admits that the sites listed in the organic search results are ranked in order
2 of what Google deems to be most relevant based on its algorithm, but lacks knowledge or
3 information sufficient to form a belief as to the truth or falsity of the remaining allegations of
4 Paragraph 36, and therefore denies them.

5  37. Google admits that it strives to provide users with results it believes are relevant to
6 a user's query.  Google denies the remaining allegations of Paragraph 37.

7  38. Google denies the allegations of Paragraph 38.

8  39. Google lacks knowledge or information sufficient to form a belief as to the truth or
9 falsity of the allegations of Paragraph 39, and therefore denies the same.

10  40. Google lacks knowledge or information sufficient to form a belief as to the truth or
11 falsity of the allegations in the first three sentences of Paragraph 40, and therefore denies the same.
12 Google admits that it has never licensed or otherwise received an express grant of any rights in
13 Plaintiff's mark other than in connection with his advertising, but Google denies the implication
14 that it needs Plaintiff's permission, authority, or license in connection with the operation of the
15 AdWords Program or Google's organic search listings.  Google denies the remaining allegations
16 of Paragraph 40

17  41. Google denies the allegations of Paragraph 41.

18  42. Google denies the allegations of sentence 1 of Paragraph 42.  Google lacks
19 knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
20 allegations of Paragraph 42, and therefore denies the same.

21  43. Google lacks knowledge or information sufficient to form a belief as to the truth or
22 falsity of the remaining allegations of Paragraph 43, and therefore denies the same.

23  44. Google admits that its AdWords program offers advertising that may allow an
24 advertiser to target consumers based on interests expressed by users' search query terms, that the
25 advertising may appear on the same page as search results that contain a keyword, and that such
26 advertising may be advantageous to consumers and advertisers.  Google denies the remaining
27 allegations of Paragraph 44.

28  45. Google denies the allegations of Paragraph 45.

1      46.     Google admits that it offers a tool to provide AdWords users with certain
2  information about potential keywords and that some people may call that tool a "Keyword
3  Suggestion Tool, but Google denies the remaining allegations of Paragraph 46.

4      47.     Google denies the allegations of Paragraph 47.

5      48.     Google admits that Plaintiff has provided written notice to Google of alleged
6  trademark violations, but denies the remaining allegations of Paragraph 48.

7      49.     Google denies the allegations of Paragraph 49.

8      50.     Google denies the allegations of Paragraph 50.

9      51.     Google denies the allegations of Paragraph 51.

10     52.     Google denies the allegations of Paragraph 52.

11     53.     Google denies the allegations of Paragraph 53.

12     54.     Google denies the allegations of Paragraph 54.

13     55.     Google denies the allegations of Paragraph 55.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114(1)**

16     56.     Google incorporates its responses to each and every allegation contained above
with the same force and effect as if fully set forth herein.

17     57.     Google lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations of Paragraph 57, and therefore denies the same.

19     58.     Google denies the allegations of Paragraph 58.

20     59.     Paragraph 59 is unintelligible as an allegation as it lacks a verb, and on that ground,
Google denies the same.

22     60.     The first sentence is a legal conclusion to which no response is required, and on
that ground Google denies it.  Google denies the remaining allegations of Paragraph 60.

24     61.     Google lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations of Paragraph 61, and therefore denies the same.

26     62.     Google denies the allegations of Paragraph 62.

27     63.     Google denies the allegations of Paragraph 63.

1     64.     Google denies the allegations of Paragraph 64.

2     65.     Google denies that sponsored links (called "Ads") are designed to look similar to the organic search results published by Google.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 65, and therefore denies the same.

66.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66, and therefore denies the same.

67.     Google denies the allegations of Paragraph 67.

68.     Google denies the allegations of Paragraph 68.

69.     Google denies the allegations of Paragraph 69.

70.     Google denies the allegations of Paragraph 70.

71.     Google does not know what "refusal" "of written notice" Plaintiff is referring to and therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of that allegations, and therefore denies the same.  Google denies the implication that it was legally required to revise its trademark policy or take any "remedial measures" that it did not take in response to any notification it received from Plaintiff , and denies the remaining allegations of Paragraph 71.

72.     Google denies the allegations of Paragraph 72.

73.     Google denies the allegations of Paragraph 73.

74.     Google denies the allegations of Paragraph 74.

75.     Google denies the allegations of Paragraph 75.

76.     Google denies the allegations of Paragraph 76.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)**

77.     Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

78.     Google denies the allegations of Paragraph 78.

79.     Google denies the allegations of Paragraph 79.

1  80. Google denies the allegations of Paragraph 80.

2  81. Google denies the allegations of Paragraph 81.

3  81a. Google denies the allegations of Paragraph 81a.

4  81b. Google denies the allegations of Paragraph 81b.

5  82. Google denies the allegations of Paragraph 82.

6  82a. Google denies the allegations of Paragraph 82a.

7  83. Google denies the allegations of Paragraph 83.

8  84. Google denies the allegations of Paragraph 84.

9  85. Google denies the allegations of Paragraph 85.

10  86. Google denies the allegations of Paragraph 86.

### THIRD CLAIM FOR RELIEF
### DILUTION OF PLAINTIFF'S TRADEMARK – 15 U.S.C. § 1125(c)

87. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

88. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88, and therefore denies the same.

89. Google denies the allegations of Paragraph 89.

90. Google denies the allegations of Paragraph 90.

91. Google denies the allegations of Paragraph 91.

92. Google denies the allegations of Paragraph 92.

93. Google denies the allegations of Paragraph 93.

94. Google denies the allegations of Paragraph 94.

95. Google denies the allegations of Paragraph 95.

96. Google denies the allegations of Paragraph 96.

97. Google denies the allegations of Paragraph 97.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK VIOLATION

98. Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

1  99.  Google denies the allegations of Paragraph 99.

2  100.  Google denies the allegations of Paragraph 100.

3  101.  Google denies the allegations of Paragraph 101.

4  102.  Google denies the allegations of Paragraph 102.

5  103.  Google denies the allegations of Paragraph 103.

**FIFTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR COMPETITION AND BUSINESS PRACTICES**

104.  Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

105.  Google denies the allegations of Paragraph 105.

106.  Google denies the allegations of Paragraph 106.

107.  Google denies the allegations of Paragraph 107.

108.  Google admits that Paragraph 108 sets forth certain language from California Business and Professions Code 14245.  Google denies that the quotation is completely accurate.

109.  Google admits that Jurin has previously complained about use of the word Styrotrim as a keyword by third-parties and that Google has not revised its policy to prohibit use of Styrotrim as a keyword.  Google denies the remaining allegations of Paragraph 109.

110.  Google denies the allegations of Paragraph 110.

111.  Google admits that Jurin seeks the relief identified, but denies the remaining allegations of Paragraph 111.

112.  Google admits that it did not obtain authorization or consent from Plaintiff to use Plaintiff's marks, but Google denies the implication that it needs Plaintiff's authorization or consent.  Google admits that it received some payment from entities other than Jurin in connection with their bids on the keyword "Styrotrim," when users subsequently clicked on their advertisements.  Google denies the remaining allegations of Paragraph 112.

113.  Google denies the allegations of Paragraph 113.

114.  Google denies the allegations of Paragraph 114.

## SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

115-125.[1]   Because this claim has been dismissed pursuant to the Court's order dated February 15, 2011, Google does not respond to the allegations of Paragraphs 115-125. To the extent a response is required, Google denies the allegations of these paragraphs.

## PRAYER FOR RELIEF

Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations in paragraphs 1-9 of its prayer for relief.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Google denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

133.   The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

134.   The claims made in the Complaint and the relief sought therein are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

---

[1] Plaintiff started its allegations for this Sixth Claim For Relief with paragraph number 108 and continued through 118. To avoid confusion with these duplicate paragraph numbers, these allegations have been referred to as though they had been properly numbered.

### THIRD AFFIRMATIVE DEFENSE

### (Functionality)

135. The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the mark and any use of the mark at issue are functional.

### FOURTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

136. The claims made in the Complaint and the relief sought therein are barred, in whole or in part, because infringement, if any, was innocent.

### FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

137. The claims made in the Complaint and the relief sought therein are barred, in whole or in part, by applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

138. The claims made in the Complaint and the relief sought therein are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Google's actions.

### SEVENTH AFFIRMATIVE DEFENSE

### (Generic Terms)

139. The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the mark at issue is generic.

### EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

140. The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the mark at issue lacks secondary meaning.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

141. Each of the purported claims set forth in this Complaint and the relief sought therein is barred by the doctrines of waiver, acquiescence, and estoppel.

### TENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

142. Defendant has not infringed any applicable trademarks under federal or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

143. Plaintiff's claims against Google are barred because Plaintiff's damages, if any, were not caused by Google.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Damage)

144. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

145. Plaintiff's claims and the relief sought therein are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

146. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Google's actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

147.　The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

148.　The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

149.　The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

150.　Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Google or others for any alleged single wrong.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fraud)

151.　The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Third-Party Use)

152.　The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Actions of Others)**

153.     The claims made in the Complaint are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

154.     Google alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**ADDITIONAL DEFENSES**

155.     Google reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Google prays for judgment as follows:

1. That Jurin takes nothing by way of its Complaint;

-15-     Case No. :09-cv-03065-MCE-KJN (TEMP)
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

      2.  That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

      3.  That Google be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

      4.  For such other and further relief as the Court deems just and proper.

DATED: March 1, 2011              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/
    Margret M. Caruso
    Attorney for Google Inc.

1 **DEMAND FOR JURY TRIAL**

2   Google hereby demands a jury trial on all issues.

4   DATED: March 1, 2011              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

7                                     By:   /s/ Margret M. Caruso
                                         Margret M. Caruso
8                                        Attorney for Google Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Paul R. Bartleson
> Law Offices of Paul R. Bartleson
> 1007 7th Street, Suite 214
> Sacramento, CA 95814
> Telephone:      (916) 447-6640
> Facsimile:      (916) 447-7840
> paulbartlesonlaw@comcast.net
> *Counsel for Plaintiff Daniel Jurin.*

By /s/ Margret M. Caruso
   Margret M. Caruso
   Attorney for Google Inc.