QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Cheryl A. Galvin (Bar No. 252262)
cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2129
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant,
Google Inc.

and

PAUL R. BARTLESON (SBN: 119273)
LAW OFFICES OF PAUL R. BARTLESON
1007 7th Street, Suite 617
Sacramento, CA 95814
Telephone: (916) 447-6640
Facsimile:  (916) 447-7840

Attorney for Plaintiff,
DANIEL JURIN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL JURIN, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE, INC.,<br><br>　　　　　Defendant. | CASE NO. 2:09-cv-03065-MCE-KJN (TEMP)<br><br>**JOINT STATUS CONFERENCE STATEMENT** |

1

**JOINT STATUS CONFERENCE STATEMENT**

Plaintiff DANIEL JURIN ("JURIN") and Defendant GOOGLE INC. ("GOOGLE"), (collectively "Parties"), submit this Joint Status Report with respect to the Complaint in accordance with Paragraph 4 of the Court's standard Order Requiring Joint Status Report.

# I.
# NATURE OF THE CASE

### A. Plaintiffs' Statement

Plaintiff filed this trademark infringment lawsuit on this proceeding naming GOOGLE as defendant, alleging interalia, (1) VIOLATION OF 15 USC 1114(1), (2) VIOLATION OF 15 USC 1125 (a) GOOGLE, INC. (3) VIOLATION OF 15 USC 1125 (c) (4) COMMON LAW TRADEMARK INFRINGEMENT (5) CALIFORNIA UNFAIR COMPETITION, and (6) BREACH OF CONTRACT.  Defendants motion to dismiss was granted in part and denied in part.

### B. Defendant Google's Statement

Defendant Google Inc. is an Internet service provider that operates a popular search engine, which is available free of charge to Internet users.  In conjunction with its free search engine, Google operates an advertising program called AdWords, which allows hundreds of thousands of people and businesses to promote their products and services through targeted advertising.  Under Google's AdWords program, ads placed by advertisers are displayed on the organic search results page under the heading "Sponsored Links" and relate to the particular terms and phrases entered by users into Google's search engine.

Both Google's organic search results and its revenue-producing AdWords advertisements help Internet users quickly and easily access relevant information.  For example, a search for a particular product may yield links to websites of the company offering the product; of retailers or repairers of that product; of companies who offer legitimate information about features of comparable or complimentary products; maps that show where the product can be found, as well as the location of nearby businesses; videos and images featuring the product; and news, consumer reports, commentary, reviews, and criticism of the product.

Plaintiff's purported claims against Google are based on AdWords advertisements created and paid for by third-party advertisers. These advertisers bid on the opportunity to have their advertisements appear when users of Google's search engine enter certain words or word combinations as search queries. Google believes that truthful advertisements containing links to websites offering competitive and relevant products are helpful to consumers, not confusing as to source or affiliation, and not a violation of Jurin's rights by Google. Google contends that it has not violated any of Jurin's rights under the Lanham Act or otherwise.

## II.
## PROGRESS IN SERVICE OF PROCESS

The parties have been served and the pleadings are believed to be settled.

## III.
## POSSIBLE JOINDER OF ADDITIONAL PARTIES

**A. Plaintiffs' Statement.**

Plaintiffs does not plan on joining any additional parties.

**B. Defendant's Statement.**

Google does not plan on joining additional parties at this time but reserves the right to do so upon determination of any factual and legal basis for doing so.

## IV.
## ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings at this time.

## V.
## JURISDICTION AND VENUE.

**A. Plaintiffs' Statement.**

This Court has jurisdiction over this action pursuant to 15 USC § 1114, 15 USC § 1125 28 U.S.C. 1331 and 1345, 42 U.S.C. § 9607 and § 9613(b). Venue is properly in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b).

**B. Defendant's Statement.**

Google does not contest jurisdiction or venue in this action.

## VI.
## ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY

**A. Pretrial Disclosures.**

The Parties stipulate to exchange Initial Disclosures by May 2, 2011.

**B. Subjects of Discovery.**

**Plaintiff's Statement:**  To establish his claims for trademark infringement plaintiff JURIN anticipates investigation the inner workings of the Google Adwords process, usage by third parties, and metrics of advertising revenue generated.  This will involve obtained a historical recap of Google's Adwords advertising account and usage, suggestion, and application of keywords in connection with Google Advertising Ads.

**Google's Statement:**  Google takes no position at this time on the subjects Jurin identifies, but anticipates the need for a protective order, which it will work with Jurin to try and reach agreement on.  Google anticipates taking discovery on issues relating to the ownership, validity, and strength of Plaintiff's trademark, Plaintiff's alleged damages, and other issues related to Plaintiff's evidence concerning his claims against Google and Google's affirmative defenses.

**C. Discovery Methods.**

1. **Requests for Admission**: The parties agree to serve no more than 25 Requests for Admission and there will be no numerical limit to the parties' Requests to Authenticate Documents.

2. **Interrogatories**.  The parties agree not to serve more than 25 written interrogatories.

3. **Requests for Inspection of Properties**: None anticipated.

4. **Requests for Production of Documents for Inspection and Copying**:

No changes to the rules required, except that Google agrees to work with Jurin to reach agreement concerning a stipulated protocol for production of electronically stored information and privilege logs.

5. **Oral Depositions**: The parties agree to take no more than 10 depositions each in this action. Plaintiff JURIN will serve deposition notices for fact witnesses no later than 90 days before the end of discovery.

6. **Expert Testimony**: Plaintiff JURIN anticipates having GOOGLE Adwords and Internet Marketing experts assist the court in understanding how GOOGLE'S ADWORDS SYSTEM works. Plaintiff anticipates having a forensic accountant assist in calculating plaintiff's damages. Based on Plaintiff's proposal, Google anticipates having a damages expert. The parties agree that:

Plaintiff will make its expert disclosures on or before October 7, 2011.

Defendant will make its expert disclosures on or before November 11, 2011.

Rebuttal expert reports will be due December 2, 2011.

## IX.
## PROPOSED CASE MANAGEMENT SCHEDULE

Discovery will be completed by December 21, 2011.

Proposed fact discovery cut-off date: September 30, 2011.

Expert disclosures:

    Plaintiff will make its expert disclosures on or before October 7, 2011.

    Defendant will make its expert disclosures on or before November 11, 2011.

    Rebuttal expert reports will be due December 2, 2011.

Proposed expert discovery cut-off date: December 21, 2011

Deadlines for filing summary judgment motions: January 31, 2012.

    Opposition Briefs due February 28, 2012

    Replies and replies due March 20, 2012.

**JOINT STATUS CONFERENCE STATEMENT**

Deadlines for filing motions *in limine* and all other non-discovery motions: <u>May 25, 2012.</u>

Oppositions Briefs due: <u>June 8, 2012.</u>

Proposed final pretrial conference date: <u>June 21, 2012</u>.

Proposed trial date: <u>July 9, 2012</u>.

Both parties demanded a trial by jury. Plaintiff estimates that the Trial on the Complaint will take approximately 7 days. Defendant estimates that this case will require 5 trial days.

## IX.
## APPROPRIATENESS OF SPECIAL PROCEDURES

The parties do not envision the need for establishing any special procedures at this point.

## X.
## MODIFICATION OF PRETRIAL PROCEDURES

The parties do not envision the need for modification of pretrial procedures at this point.

## XI.
## RELATED CASES

The parties are not aware that this case is related to any earlier federal actions, except for the previous incarnation of this case.

## XII.
## PROSPECTS FOR SETTLEMENT

Plaintiff is certainly interested in a fair and equitable settlement of the claims brought in the Complaint before extensive resources are expended on litigation and are open to settlement conferences if and when requested by the Defendant. Google is amenable to an early settlement conference in this matter.

## XIII.
## OTHER MATTERS

The parties would like to reserve the right to raise additional matters that they cannot currently anticipate at a scheduling conference.

//

**JOINT STATUS CONFERENCE STATEMENT**

Dated: March 31, 2011

                              Respectfully submitted,

                              FOR DEFENDANT GOOGLE INC.

***[s] Margret M. Caruso***
MARGRET M. CARUSO
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Cheryl A. Galvin (Bar No. 252262)
cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2129
Telephone: (650) 801-5000
Facsimile: (650) 801-5100


 FOR PLAINTIFF, DANIEL JURIN

***[s] Paul R. Bartleson CSBN 119273***
LAW OFFICES OF PAUL R. BARTLESON
1007 7th Street, Suite 617
Sacramento, CA 95814
Telephone: (916) 447-6640
Facsimile: (916) 447-7840
paulbartlesonlaw@gmail.com

7

**JOINT STATUS CONFERENCE STATEMENT**