1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL JURIN,                          No.  2:09-cv-03065-MCE-CKD

12                    Plaintiff,

13         v.                               **MEMORANDUM AND ORDER**

14   GOOGLE, INC.,

15                    Defendant.

16

17         Through this action Plaintiff Daniel Jurin ("Plaintiff") alleges violations of state and

18   federal laws arising out of the use of the trademarked name "Styrotrim" as a suggested

19   keyword in the "AdWords" program operated by Defendant Google, Inc. ("Defendant").

20   Plaintiff seeks redress for various violations of the Lanham Act, 15 U.S.C. § 1501

21   et seq., including trademark infringement, 15 U.S.C. § 1114, false designation of origin

22   and false advertising, 15 U.S.C. § 1125(a), and for trademark dilution, 15 U.S.C.

23   § 1125(c).  Plaintiff also seeks redress for common law trademark infringement and for

24   unfair competition in violation of California Business and Professions Code § 17200.

25   Presently before the Court is Defendant's Motion for Summary Judgment pursuant to

26   Federal Rule of Civil Procedure 56.[1]  (ECF No. 74.)

27   _____

28         [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
     otherwise noted.

1    Alternatively, Defendant moves to dismiss under Rule 41(b) for failure to prosecute.  For

2    the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.[2]

3

4                                    **BACKGROUND**[3]

5

6          Defendant is an internet search engine provider.  In this dispute, Plaintiff

7    challenges the lawfulness of Defendant's Keyword Suggestion tool in its for-profit

8    "Google AdWords" program.

9

10   **A.  Background on Search Engines**

11

12         In operating its search engine, Defendant "indexes" websites, collecting

13   information on the websites' contents for use in formulas that respond to search queries.

14   Generally, when a user enters a query into Defendant's website, the search engine will

15   process relevant sites and then return results to the user.

16         Businesses routinely use the indexing and search query process to influence their

17   website's ranking on a results page.  Prior to building a website, businesses will often

18   utilize various available keyword tools to determine what keywords internet users are

19   most commonly searching for.  A business will then build its site around more popular

20   search terms in order to ensure a higher rank on a search engine results page.

21   ///

22   ///

23   ///

24   ///

25   _____

          [2] Because oral argument will not be of material assistance, the Court orders this matter submitted

26   on the briefs.  E.D. Cal. Local Rule 78-230(h).

          [3] Unless otherwise stated, the following facts are derived from Plaintiff's Second Amended

27   Complaint (ECF No. 40) and Defendant's Motion for Summary Judgment or, in the Alternative, Motion to
     Dismiss for Failure to Prosecute (ECF No. 74).

28

1   Alternatively, a business may "bid" on keywords.  "Bidding" allows businesses to

2   pay search engines a fee as a bid on selected keywords in an effort to appear on a

3   results page as an "Ad."[4]  The higher a business's bid, the higher their "Ad" placement

4   will be when their bid-upon keywords are searched for.  "Ads" appear either at the top or

5   along the side of a search engine results page.

6   Defendant allows advertisers to bid on keywords in a program called "Google

7   AdWords."  In addition to allowing advertisers to select their own keywords, the program

8   offers a "Keyword Suggestion Tool," which suggests popular search terms to advertisers

9   for bidding.

10

11   **B.  Plaintiff's Suit**

12

13   Plaintiff holds the trademark for a building material known as "Styrotrim."  He

14   markets and sells his product to homeowners, contractors and those in the construction

15   and remodeling industries.

16   Defendant's AdWords program picked up the trademark name "Styrotrim" as a

17   commonly searched term.  It thereafter suggested it to bidders in its "Keyword

18   Suggestion Tool" in the AdWords program.  Defendant thus enabled Plaintiff's

19   competitors to bid on the keyword "Styrotrim" and to subsequently appear as a "Ad" on a

20   results page whenever the term "Styrotrim" was searched for.

21   Plaintiff alleges that Defendant, through its AdWords program, misappropriated

22   Plaintiff's trademark for its own use, generated advertising revenue from Plaintiff's

23   competitors and facilitated Plaintiff's competitors in infringing on Plaintiff's trademark.

24   ///

25   ///

26   ///

27   ───────────────

[4] "Ads" were once identified by Defendant as "Sponsored Links," and are referred to as such in Plaintiff's Second Amended Complaint.  However, Defendant now labels these paid advertisements simply

28   as "Ads."  (ECF No. 74-1 at 7.)

3

1

**STANDARD**

2

3        Rule 56 provides for summary judgment when "the pleadings, depositions,

4   answers to interrogatories, and admissions on file, together with affidavits, if any, show

5   that there is no genuine issue as to any material fact and that the moving party is entitled

6   to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett,

7   477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of

8   factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

9        Rule 56 also allows a court to grant summary adjudication on part of a claim or

10  defense. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment,

11  identifying . . . the part of each claim or defense . . . on which summary judgment is

12  sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal.

13  1995); France Stone Co., Inc. v. Charter Twp. of Monroe, 790 F. Supp. 707, 710 (E.D.

14  Mich. 1992).

15       The standard that applies to a motion for summary adjudication is the same as

16  that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c);

17  Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

18           Under summary judgment practice, the moving party always bears the
             initial responsibility of informing the district court of the basis for its motion,
19           and identifying those portions of 'the pleadings, depositions, answers to
             interrogatories, and admissions on file together with the affidavits, if any,'
20           which it believes demonstrate the absence of a genuine issue of material
             fact.
21

22  Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). However, when the opposing

23  party would have the burden of proof on a dispositive issue at trial, the moving party

24  need not produce evidence which negates the opponent's claim. See, e.g., Lujan v.

25  Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990). Rather, the moving party need only point

26  to matters which demonstrate the absence of a genuine issue of material fact.

27  ///

28  ///

4

1  See Celotex, 477 U.S. at 323-24 (1986) ("Where the nonmoving party will bear the

2  burden of proof at trial on a dispositive issue, a summary judgment motion may properly

3  be made in reliance solely on the pleadings, depositions, answers to interrogatories, and

4  admissions on file.")  Summary judgment should be entered, after adequate time for

5  discovery and upon motion, against a party who fails to make a showing sufficient to

6  establish the existence of an element essential to that party's case, and on which that

7  party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

8      If the moving party meets its initial responsibility, the burden then shifts to the

9  opposing party to establish that a genuine issue as to any material fact actually does

10  exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

11  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

12      In attempting to establish the existence of this factual dispute, the opposing party

13  must tender evidence of specific facts in the form of affidavits, and/or admissible

14  discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P.

15  56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a

16  fact that might affect the outcome of the suit under the governing law, and that the

17  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

18  for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52

19  (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347,

20  355 (9th Cir. 1987).  In other words, "before the evidence is left to the jury, there is a

21  preliminary question for the judge, not whether there is literally no evidence, but whether

22  there is any upon which a jury could properly proceed to find a verdict for the party

23  producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251

24  (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  As the Supreme Court

25  explained, "[w]hen the moving party has carried its burden under Rule 56(c), its

26  opponent must do more than simply show that there is some metaphysical doubt as to

27  the material facts . . . .

28  ///

5

1    Where the record taken as a whole could not lead a rational trier of fact to find for the

2    nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 586-87.

3        In resolving a summary judgment motion, the evidence of the opposing party is to

4    be believed, and all reasonable inferences that may be drawn from the facts placed

5    before the court must be drawn in favor of the opposing party. <u>Anderson</u>, 477 U.S. at

6    255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

7    obligation to produce a factual predicate from which the inference may be drawn.

8    <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>,

9    810 F.2d 898 (9th Cir. 1987).

10

11                      **ANALYSIS**

12

13        Defendant's motion for summary judgment is unopposed. A district court may not

14    grant a motion for summary judgment solely because the opposing party has failed to file

15    an opposition. <u>Cristobal v. Siegel</u>, 26 F.3d 1488, 1494–95 n.4 (9th Cir. 1994)

16    (unopposed motion may be granted only after court determines that there are no

17    material issues of fact). The Court may, however, grant an unopposed motion for

18    summary judgment if the movant's papers themselves are sufficient to support the

19    motion and do not on their face reveal a genuine issue of material fact. <u>See</u> <u>United</u>

20    <u>States v. Real Property at Incline Village</u>, 47 F.3d 1511, 1520 (9th Cir. 1995) (citing

21    <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995); <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943,

22    949 (9th Cir. 1993)), <u>rev'd on other grounds</u>, 517 U.S. 820 (1996). In this case,

23    Defendant's papers in support of the motion for summary judgment establish that

24    Defendant did not violate Plaintiff's trademark rights under federal or state law, as

25    alleged by Plaintiff.

26    ///

27    ///

28    ///

1    More specifically, the Lanham Act, 15 U.S.C. § 1114, "allows the holder of a

2  protectable trademark to hold liable any person who, without consent, 'uses in

3  commerce any . . . registered mark in connection with the sale, offering for sale,

4  distribution, or advertising of any goods or services' which is likely to cause confusion."

5  KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 603 (9th Cir.

6  2005)  (quoting 15 U.S.C. § 1114(1)(a)).  However, the Lanham Act requires that a

7  plaintiff first prove that it owns a valid mark.  Id.  The plaintiff must then show that "the

8  alleged infringer's use of the mark 'is likely to cause confusion, or to cause mistake, or to

9  deceive.'"  Id. (quoting 15 U.S.C. § 1114(1)(a)-(b)).  A claim for false designation of origin

10  pursuant to 15 U.S.C. § 1125(a)(1)(A) likewise requires a plaintiff to show that there is a

11  likelihood of confusion in order to succeed on his claim.  Walter v. Mattel, Inc., 210 F.3d

12  1108, 1111 (9th Cir. 2000).  Finally, the Lanham Act's "likelihood of confusion standard

13  applies equally to claims under California law."  E. & J. Gallo Winery v. Pasatiempos

14  Gallo, S.A., 905 F. Supp. 1403, 1415 (E.D. Cal. 1994).

15    There are eight factors that are generally relevant to the Lanham Act's "likelihood

16  of confusion" inquiry: (1) strength of the mark(s); (2) relatedness of the goods;

17  (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels;

18  (6) degree of consumer care; (7) the defendants' intent; and (8) likelihood of expansion.

19  AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979).  These eight factors

20  apply to claims for false designation of origin, Walter, 210 F.3d at 1111, and to claims

21  arising under California law, see E & J Gallo Winery, 905 F. Supp. at 1415.  "The test [for

22  likelihood of confusion] is a fluid one and the plaintiff need not satisfy every factor,

23  provided that strong showings are made with respect to some of them."  Surfvivor Media,

24  Inc. v. Survivor Productions, 406 F.3d 625, 631 (9th Cir. 2005) (citing Dreamwerks Prod.

25  Grp., Inc. v. SKG Studio, 142 F.3d 1127, 1129 (9th Cir. 1998)).

26  ///

27  ///

28  ///

7

1    In this case, Plaintiff has put forth absolutely no evidence showing that any of

2  these factors weigh in his favor.  Because no reasonable factfinder could find that there

3  is a likelihood of confusion based on the evidence presently before the Court, there is no

4  genuine issue of material fact as to whether Defendant's use of Plaintiff's mark is likely to

5  confuse consumers.  Accordingly, summary judgment in favor of Defendant is

6  GRANTED for Plaintiff's claims for trademark infringement in violation of 15 U.S.C.

7  § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A), common law

8  trademark infringement, and violation of California Business and Professions Code

9  § 17200.

10    Defendant's papers likewise establish that Defendant did not falsely advertise in

11  violation of 15 U.S.C. § 1125(a)(1)(B).  Such a claim requires the plaintiff to show:

12    (1) in advertisements, [the] defendant made false statements of fact about
    its own or another's product; (2) those advertisements actually deceived or
13    have the tendency to deceive a substantial segment of their audience;
    (3) such deception is material, in that it is likely to influence the purchasing
14    decision; (4) [the] defendant caused its falsely advertised goods to enter
    interstate commerce; and (5) [the] plaintiff has been or is likely to be injured
15    as the result of the foregoing either by direct diversion of sales from itself to
    [the] defendant, or by lessening of the goodwill which its products enjoy
16    with the buying public.

17  Rice v. Fox Broad. Co., 330 F.3d 1170, 1180 (9th Cir. 2003).

18    Again, Plaintiff has presented absolutely no evidence demonstrating the presence

19  of any of these five elements.  Plaintiff has thus failed to make a showing sufficient to

20  establish the existence of multiple elements essential to his claim for false advertising,

21  and Plaintiff will bear the burden of proving these elements at trial.  Given the dearth of

22  evidence presented by Plaintiff, "the record taken as a whole could not lead a rational

23  trier of fact to find for the nonmoving party."  Matsushita, 475 U.S. at 586-87.

24  Accordingly, there is no genuine issue for trial, and Defendant's motion for summary

25  judgment on Plaintiff's false advertising claim is GRANTED.

26  ///

27  ///

28  ///

1    Finally, Defendant's papers establish that Defendant did not dilute Plaintiff's

2   trademark in violation of 15 U.S.C. § 1125(c).  A claim for trademark dilution requires a

3   plaintiff to show that: (1) his mark is famous; (2) the defendant is making a commercial

4   use of the mark in commerce; (3) the defendant's use began after the mark became

5   famous; and (4) the defendant's use of the mark dilutes the quality of the mark by

6   diminishing the capacity of the mark to identify and distinguish goods and services.  Id.

7   § 1125(c)(1).  "A mark is famous if it is widely recognized by the general consuming

8   public of the United States as a designation of source of the goods or services of the

9   mark's owner."  Id. § 1125(c)(2)(A).  The statute specifically provides that

> [i]n determining whether a mark possesses the requisite degree of
> recognition, the court may consider all relevant factors, including . . .  (i) the
> duration, extent, and geographic reach of advertising and publicity of the
> mark, whether advertised or publicized by the owner or third parties; (ii) the
> amount, volume, and geographic extent of sales of goods or services
> offered under the mark; [and] (iii) the extent of actual recognition of the
> mark . . . ."

14   Id. § 1125(c)(2)(B).

15    In this case, Plaintiff has offered no evidence that his mark is famous.  Plaintiff

16   has thus failed to make a showing sufficient to establish the existence of an element

17   essential to his claim for dilution, and Plaintiff will bear the burden of proving this element

18   at trial.  Accordingly, there is no genuine issue for trial as to this claim, and Defendant's

19   motion for summary judgement on Plaintiff's trademark dilution claim is GRANTED.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2

3        For the reasons set forth above, Defendant's Motion for Summary Judgment

4    (ECF No. 74) is GRANTED as to all claims.  The Clerk of the Court is directed to enter

5    judgment in favor of Defendant to close the case.

6        IT IS SO ORDERED.

7

Dated:  October 16, 2012

8

9                                    _____
                                     MORRISON C. ENGLAND, JR
10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28